Deborah Rosenthal (# 184241)
drosenthal@simmonsfirm.com
Paul J. Hanly, Jr.   (*pro hac vice* to be submitted)
phanly@simmonsfirm.com
Mitchell M. Breit (*pro hac vice* to be submitted)
mbreit@simmonsfirm.com
**SIMMONS HANLY CONROY LLC**
455 Market Street, Suite 1150
San Francisco, California 94105
Phone: (415) 536-3986
Fax: (415) 537-4120

Gregory F. Coleman (*pro hac vice* to be submitted)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone:  (865) 247-0080
Facsimile:  (865) 533-0049
greg@gregcolemanlaw.com
**Attorneys for the Plaintiffs**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CAUDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEL SPICE CO., INC.; BIG LOTS STORES, INC.; GROCERY OUTLET, INC.; and DOES 1-10;<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff Pamela Caudle, individually and on behalf of all others similarly situated, by and through her counsel, bring this complaint against Defendants Gel Spice Co., Inc.; Big Lots Stores, Inc.; Grocery Outlet, Inc.; and Doe Defendants 1-10, and allege, upon personal knowledge as to her own actions and information and belief as to all other matters, as follows:

## INTRODUCTION

1.      Defendant Gel Spice Co., Inc. ("Gel Spice") is a leading importer and custom manufacturer of food service products, including spices, herbs, seeds, seasoning and baking ingredients.  Gel Spice promises consumers on its website that it provides its customers with "quality products;" that it "maintains an in-house lab for pathogen testing to ensure safe and superior products;" and that it employs "quality assurance programs" throughout its facilities. Gel Spice, however, has broken that promise and repeatedly violated federal and state law by selling one of its spices, turmeric, containing toxic levels of lead, resulting in a recall of several of its turmeric brands.[1]

2.      Defendant Big Lots Stores, Inc. ("Big Lots") rebranded the adulterated turmeric products containing lead with its own brand name, Fresh Finds Ground Turmeric Powder ("Fresh Finds") and sold that contaminated product to customers at its

---

[1] http://www.fda.gov/Safety/Recalls/ucm513844.htm;
http://www.fda.gov/Safety/Recalls/ucm515328.htm

CLASS ACTION COMPLAINT

stores nationwide.[2] Defendant Grocery Outlet, Inc. ("Grocery Outlet") also sold Gel Spice's adulterated, lead-containing turmeric to California consumers.

3.     Gel Spice first recalled Fresh Finds, on July 17, 2016 after elevated levels of lead were found in it during a routine inspection by New York state authorities.



_____

[2] Gel Spice, Big Lots, and Grocery Outlet are collectively referred to hereinafter "Defendants."

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17   4.   It then expanded the recall on August 16, 2016, to include the following

18   additional lead-containing turmeric products (collectively, the "Turmeric Products"):

19
20

| Spice Select/8 oz | 03/18/19 | 076114007730 |
|---|---|---|
| Market Pantry/0.95 oz | 05APR2019 | 085239211038 |
| Gel/15 oz | 04/18/19 | 076114800867 |
| Gel/15 oz | 05/16/19 | 076114800867 |

27
28

4

| Clear Value /0.75oz | 04/27/19 | 036800354920 |
| Lieber's/2 oz | 05/13/19 | 043427006361 |
| Spice Supreme/2 oz | 05/17/19 | 076114364628 |



5

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21



22
23
24
25
26
27
28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



5.     Plaintiff is a consumer who purchased Defendants' Turmeric Products, including the following, believing Defendants' assurances of quality:

8

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13



14   Plaintiff would not have purchased Defendants' Turmeric Products had Defendants

15   disclosed at the point of sale that they contained dangerous, toxic levels of lead which

16   posed serious health risks.

17

18

19      6.      Plaintiff brings this suit on behalf of herself and a class of similarly situated

20   consumers. She asserts that Defendants have violated established state consumer

21   protection laws and breached product warranties, to the detriment of consumers.  Plaintiff

22   seeks damages and equitable relief on behalf of herself and the proposed class.

23

24                          **JURISDICTION AND VENUE**

25

26      7.      This Court has jurisdiction over this action under the Class Action Fairness

27

28                                        9

Act, 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class, the aggregate claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which Plaintiff is a citizen of a different state than at least one of the Defendants..

8.     This Court may exercise jurisdiction over Defendants because each is registered to conduct business in California; has sufficient minimum contacts with California; and intentionally avails themselves of the markets within California through the promotion, sale, marketing, and distribution of their products, such that the exercise of jurisdiction by this Court is both proper and necessary.

9.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## **PLAINTIFFS**

10.     Plaintiff Pamela Caudle resides in San Francisco, California. She purchased Gel Spice Gel and/or Spice Supreme brand turmeric at the Big Lots store located at 3333 Mission Street in San Francisco, California, and the Grocery Outlet store located at 1390 Silver Avenue in San Francisco, California, within the past two years, approximately.  At the time Plaintiff made these purchases, she was never advised about the lead in the product. If she had been so advised, she would not have purchased it because of the safety issues involved. She did not receive the benefit of the bargain in that she bought a

10

product that she would not have otherwise because it was defective at the point of sale.

## **DEFENDANTS**

11.     Defendant Gel Spice Co., Inc., is a New Jersey corporation with its headquarters and principal place of business in Bayonne, New Jersey.

12.     Defendant Big Lots Stores, Inc. ("Big Lots") is an Ohio corporation with its headquarters and principal place of business in Columbus, Ohio.

13.     Defendant Grocery Outlet, Inc., ("Grocery Outlet") is a California corporation with its headquarters and principal place of business in Emeryville, California.

14.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will seek leave to amend this complaint accordingly. Plaintiff is informed and believes and thereon alleges that: (a) each defendant designated herein as a Doe is responsible, in some actionable manner, for the events and happenings hereinafter referred to, and has caused injuries and damages proximately thereby to Plaintiff, as hereinafter alleged; and (b) each defendant designated herein as a Doe is either a resident of California or does business in

CLASS ACTION COMPLAINT

California of such nature and/or quantity as to render said defendant subject to the jurisdiction of the State of California in this civil action.

## **FACTUAL ALLEGATIONS**

### Turmeric

15.     Turmeric is a root and member of the ginger family (*curcuma longa*). It is widely used as a food coloring and flavoring agent, and is also sometimes used as an ingredient in curry powder, as well as in mustard and as a coloring for butter and cheese. Turmeric is a powerful antioxidant and has been historically used as a treatment for a variety of medical conditions.  The market for turmeric-based supplements in the United States has continued to grow in the past decade.  India has been the dominant source of turmeric supply to the United States, imports of which have tripled since 2008.[3]

### Lead

16.     Pursuant to the federal Food, Drug, and Cosmetic Act (21 U.S.C §342(a)(1)), adulterated food is defined as one that bears or contains any poisonous or deleterious substance which may render it injurious to health. Turmeric is labeled a food pursuant to 21 CFR §182.10 (spices and other natural seasonings and flavorings).

17.     "Lead is a naturally occurring element whose toxicity in humans has been

---

[3] http://www.fnbnews.com/Spices

documented throughout history.  Lead is widely present in our environment due to its natural occurrence and human activities that have introduced it into the general environment such as the use of leaded gasoline. Because lead may be present in environments where food crops are grown and animals used for food are raised, various foods may contain unavoidable but small amounts of lead that do not pose a significant risk to human health. However, foods may become contaminated with lead if they are grown, stored or processed under conditions that could introduce larger amounts of lead into the food, such as when a root crop is grown in soil that has been contaminated from the past use of leaded pesticides on that acreage. Under such conditions, the resulting contamination of the food may pose a health risk to consumers." [4]

18.    California has expressly adopted or incorporated a general prohibition against the sale of food which is adulterated in its own analog of the Food, Drug, and Cosmetic Act, the Sherman Food, Drug, and Cosmetics Act, Cal. Health & Safety Code § 109875, *et seq.*

19.    Additionally, lead is classified as a chemical "known to the State [of California] to cause cancer or reproductive toxicity," and is included on California's current Proposition 65 list. See http://oehha.ca.gov/media/downloads/proposition-

_____

[4] http://www.fda.gov/Food/FoodborneIllnessContaminants/Metals/ucm172050.htm

13

CLASS ACTION COMPLAINT

65//p65single10212016.pdf at p. 12.

Defendants

20.     Gel Spice has been a family-owned and operated business since 1955, headquartered in New Jersey.  Initially it was incorporated in New York, but it re-incorporated in New Jersey in 1997. According to its website, its manufacturing and warehouse operation are housed in a half-million square foot facility with additional space for "on-hand" raw materials. Gel Spice promotes itself as the "strategic partner of choice in the industry" and aims to "offer a superb, worry-free procurement process and on-time delivery." While claiming to "ensure safe and superior products," Gel Spice touts its "quality assurance programs" and conducts third party and customer audits with "superior ratings."

21.     As of September 21, 2016, Gel Spice had $130,000,000 in annual sales of its spices sold under Gel Spice proprietary names and under third-party names in retail stores and in franchise stores located across the United States.

22.     Defendant Big Lots distributed the adulterated turmeric products containing lead, labeled "Fresh Finds Ground Turmeric" at its stores nationwide. Big Lots offers brand-name merchandise priced 20 to 40 percent below most discount retailers and up to 70 percent below traditional retailers. Big Lots employs over 35,000 associates across the U.S. and operates approximately 1,400 stores in 47 states. Big Lots is traded on the New

14

York Stock Exchange under the symbol BIG.

23.     Defendant Grocery Outlet distributed the adulterated turmeric products containing lead at its stores in California.

Turmeric Recall

24.     During routine sampling by the New York State Department of Agriculture and Markets, the New York State Food Laboratory found through an analysis of one of Gel Spice's turmeric products sold at Big Lots that it contained elevated levels of lead, leading to a recall of the product. The laboratory labeled that recall as one associated with a significant risk to public health (a Class 1 recall) which was thereafter expanded to include the additional Turmeric Products itemized above.

**CLASS ACTION ALLEGATIONS**

25.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and proposed class ("Class") initially defined as:

All persons in California who purchased Gel Spice Turmeric Products branded Fresh Finds Ground Turmeric, 3.75 oz., Universal Product Code ("UPC") 81026-01230; Spice Select, 8 oz., UPC code 076114007730; Market Pantry, 0.95 oz., UPC code 085239211038; Gel, 15 oz., UPC code 076114890867; Clear Value, 0.75 oz., UPC code 036800354920; Lieber's, 2 oz., UPC code 043427006361; or Spice Supreme, 2 oz., UPC

15

code 076114364628 other than for purposes of resale.

26. Excluded from the proposed Class are Defendants, any parent, affiliate, or subsidiary of Defendants; any entity in which Defendants have a controlling interest; any of Defendants' officers or directors; any successor or assign of Defendant; anyone employed by counsel for Plaintiffs; any Judge to whom this case is assigned, his or her spouse, and all persons within a third degree of relationship to either of them.

27. <u>Numerosity – Fed. R. Civ. P. 23(a)(1)</u>. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at the present time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of class members located throughout California. It would be impracticable to join the class members individually. These members are readily ascertainable, including through sales receipts.

28. <u>Existence and Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. These common questions include whether:

   a.   Defendants sold Turmeric Products containing lead;
   b.   Defendants represented that their Turmeric Products were safe and superior;

16

CLASS ACTION COMPLAINT

c.   Defendants representations regarding the safety and superiority of their Turmeric Products were otherwise false or deceptive;

d.   Defendants knew, or in the exercise of reasonable diligence should have known, that their representations regarding the safety and superiority of their Turmeric Products were false or deceptive;

e.   Defendants representations regarding the safety and superiority of their Turmeric Products would deceive a reasonable consumer;

f.   Defendants representations regarding the safety and superiority of their Turmeric Products constitute unfair, deceptive, untrue, or misleading advertising;

g.   Defendants violated the consumer protection laws of California;

h.   Defendants violated California's Sherman Food, Drug, and Cosmetics Act, Cal. Health & Safety Code § 109875, *et seq.* by selling Turmeric Products adulterated with dangerous levels of lead;

i.   Defendants' conduct described above caused Plaintiff and class members to suffer injury, and they therefore may recover damages, or other legal and equitable relief, and an award of attorneys' fees, costs, and expenses.

29.   Typicality – Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class because, among other things, she purchased Defendants' Turmeric Products contaminated with lead due to Defendants' representations and lost money as a result.

30.   Adequacy of Representation – Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative because her interests are aligned with those of the class members

17

she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously on class members' behalf.

31.     <u>Superiority – Fed. R. Civ. P. 23(b)(3)</u>. The action may be certified under Rule 23(b)(3) because common questions predominate as described above and because a class action is the best available method for the fair and efficient adjudication of this controversy. This litigation involves technical issues and targeted discovery of sophisticated defendants, and could not practically be taken on by individual litigants. In addition, individual litigation of class members' claims would be impracticable and unduly burdensome to the court system and has the potential to lead to inconsistent results. A class action presents fewer management problems and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

32.     In the alternative to class certification under Rule 23(b)(3), the proposed Class may be certified under 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class.

/ / /
/ / /

18

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT ("MMWA"),**

**15 U.S.C. § 2301, *ET SEQ.*, FOR BREACH OF IMPLIED WARRANTIES**

**(PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF THE CLASS)**

33.     Plaintiff, on behalf of herself and the proposed Class, repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

34.     Defendants' Turmeric Products are consumer products as defined in 15 U.S.C. § 2301(1).

35.     Plaintiff and the Class are "consumers" as defined in 15 U.S.C. § 2301(3). They are consumers because they are persons entitled under applicable state law to enforce against the warrantor the obligations of their express and implied warranties.

36.     Defendants are "suppliers" and "warrantors" as defined in 15 U.S.C. §§ 2301(4) and (5).

37.     Under 15 U.S.C. § 2310(d)(1), the MMWA provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

38.     In connection with their sale of their Turmeric Products, Defendants gave an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7). Specifically,

19

Defendants warranted that their Turmeric Products were fit for their ordinary purpose and would pass without objection in the trade.

39.     Defendants breached the implied warranty of merchantability and thereby violated the MMWA by selling Turmeric Products containing lead to their customers, including Plaintiffs and statewide class members, endangering their health thereby.

40.     Defendants' breach of warranty has deprived Plaintiff and the Class of the benefit of their bargain.

41.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered damages and continue to suffer damages and other losses in an amount to be determined at trial.

42.     Plaintiff and each of the class members have had sufficient direct dealings with either defendants or their agents to establish privity of contract between Defendants, Plaintiff and each of the class members. Nonetheless, privity is not required here because Plaintiff and each of the class members are intended third-party beneficiaries of contracts between Defendants and their third-party manufacturers, and specifically, of Defendants' implied warranties. Defendants' warranty agreements were designed for and intended to benefit the Class.

43.     Privity also is not required because the Turmeric Products are dangerous

CLASS ACTION COMPLAINT

instrumentalities due to the defect and nonconformities outlined herein.

44.     Defendants were afforded a reasonable opportunity to cure their class-wide breach pursuant to 15 U.S.C. § 2310 after the recall of the adulterated products and have made no effort to cure their breach with consumers.

45.     Plaintiff and the class members have been damaged by Defendants'' breach of the implied warranty of merchantability and therefore seek damages, or other legal and equitable relief, and an award of attorneys' fees, costs, and expenses.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES

### (PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF THE CLASS)

46.     Plaintiff, on behalf of herself and the proposed Class, repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

47.     Defendants are in the business of selling Turmeric Products to consumers such as Plaintiff and members of the Class, including, but not limited to, Turmeric Products containing lead of the kind sold to Plaintiff and members of the Class.

48.     Plaintiff and members of the Class purchased one of more Turmeric Products containing lead.

21

49.     At all times herein mentioned, Defendants manufactured, tested, advertised, promoted, marketed, sold and/or distributed these Turmeric Products.

50.     At the time Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold and/or distributed their Turmeric Products for use by Plaintiff and the class members, Defendants knew of the uses for which the Turmeric Products were intended, and impliedly warranted the products to be of merchantable quality.

51.     Defendants' representations and warranties were false, misleading, and inaccurate, in that the Turmeric Products were not of merchantable quality because the products were defective, would not pass without objection in the trade, were not fit for ordinary purposes, and did not conform the promises on labeling.

52.     Plaintiff and the Class did rely on said implied warranty of merchantability.

53.     Plaintiff and the Class reasonably relied upon the skill and judgment of Defendants as to whether the Turmeric Products were of merchantable quality.

54.     The Turmeric Products were injected into the stream of commerce by Defendants despite the fact that the Turmeric Products were expected to and did reach users, handlers, and persons coming into contact with the products without substantial change in the condition in which they were sold.

CLASS ACTION COMPLAINT

55.     Defendants breached the implied warranties, because the products were defective, could not deliver on the advertised claims, would not pass without objection in the trade, and were not fit for ordinary purposes.

56.     As a direct and proximate result of the breach of implied warranties, Plaintiff and the members of the Class suffered and/or will continue to be harmed and suffer economic loss.

57.     Defendants' conduct breached their implied warranties regarding their products under Cal. Com. Code § 2314 and § 2315.

58.     Defendants received notice of these issues by the investigations of the New York State Department of Agriculture and Markets, the New York State Food Laboratory, the Food and Drug Administration and through the instant Complaint.

59.     As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff and the class members have suffered damages, and are entitled to compensatory damages, costs and reasonable attorneys' fees.

/ / /
/ / /
/ / /
/ / /
/ / /

23

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*

### (PLAINTIFF, INDIVIDUALLY

### AND ON BEHALF OF THE CLASS)

60.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

61.     The Unfair Competition Law, California Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), prohibits any "unlawful," "unfair," or "fraudulent" business acts or practices and any false or misleading advertising. Defendants have violated and continue to violate the UCL.

62.     Defendants' acts or practices also constitute unlawful business practices in that they violate the Food, Drug, and Cosmetic Act (21 U.S.C §342(a)(1); the Sherman Food, Drug, and Cosmetic Law, Cal. Health 7 Safety Code § 109875, *et seq.;* Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health & Safety Code §§ 25249.5, *et seq.;* the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.;* and other applicable federal laws and regulations.

63.     Plaintiff, individually and on behalf of the other members of the California Class, reserves the right to allege other violations of law which constitute other unlawful

24

business acts or practices. Such violative conduct is ongoing and continues to this date.

64.     Defendants' acts and practices constitute "unlawful" business practices because, as alleged above, Defendants' Turmeric Products contain lead, an adulterant in violation of California state and federal law; Defendants engage in, *inter alia,* deceptive and false advertising, and misrepresents and omits material facts regarding their Turmeric Products, claiming they are safe and superior, when they in fact are injurious to health, and thereby violate established public policy, and engage in immoral, unethical, oppressive, or unscrupulous activities that are substantially injurious to consumers like Plaintiff and other members of the California Class. This conduct constitutes violations of the "unlawful" prong of the UCL.

65.     Defendants' acts and practices also constitute fraudulent practices in that they are false, misleading, and likely to deceive reasonable consumers like Plaintiff, and other members of the Class. Defendants falsely represented that their Turmeric Products were safe and superior, when in fact they contained a toxic substance, lead. A reasonable consumer would not have purchased the affected Turmeric Products from Defendants if they had been aware of this fact.

66.     Defendants' fraudulent acts and practices also constitute "unlawful" business practices in that:

a.   The legitimate utility of Defendants' conduct is outweighed by the harm to Plaintiff and other members of the -Class;

b.   Defendants' conduct is immoral, unethical, oppressive, or unscrupulous activities that are substantially injurious to consumers like Plaintiff, and other members of the Class;

c.   Defendants' conduct violates the policies underlying the the Food, Drug, and Cosmetic Act (21 U.S.C §342(a)(1); the Sherman Food, Drug, and Cosmetic Law, Cal. Health 7 Safety Code § 109875, *et seq.;* Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health & Safety Code §§ 25249.5, *et seq.;* the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.;* and other applicable state and federal laws and regulations.

67.   There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

68.   As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices as alleged above, Plaintiff and the California Class have suffered injury in fact and lost money or property, because they purchased and paid for Turmeric Products from Defendants that they otherwise would not have, or would not have paid as much for them as they did. Meanwhile, Defendants have generated more revenue than it otherwise would have and charged inflated prices for their products, unjustly enriching themselves.

CLASS ACTION COMPLAINT

69.     Plaintiff and the California Class are entitled to equitable relief, including restitutionary disgorgement of all profits accruing to Defendants because of their unlawful, unfair, fraudulent, and deceptive acts and practices; reasonable attorneys' fees and costs; declaratory relief; injunctive relief; and all other relief this Court deems appropriate, consistent with Cal. Bus. & Prof. Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the California Class, respectfully request that this Court:

a.     Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

b.     Appoint Plaintiff as the representative of the Class;

c.     Award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and the class members are entitled;

d.     Award pre-judgment and post-judgment interest on such monetary relief;

e.     Grant appropriate injunctive and declaratory relief, including, without limitation, an order that requires Defendants to recall all of their Turmeric Products containing lead, and to provide Plaintiff and class members with appropriate curative notice regarding the

CLASS ACTION COMPLAINT

1                  existence and cause of the Turmeric Products' noncompliance with

2                  federal and state law and subsequent health hazards;

3      f.       Award reasonable attorneys' fees and costs; and

4      g.       Grant such further relief that this Court deems appropriate.

5

6  Dated:   December 14, 2016            Respectfully submitted,

7

8                              */s/ Deborah Rosenthal*

9                              Deborah Rosenthal
                               Paul J. Hanly, Jr.  (*pro hac vice* to be

10                             submitted)

11                             Mitchell M. Breit (*pro hac vice* to be
                               submitted)

12                             **SIMMONS HANLY CONROY LLC**

13                             455 Market Street Suite #1150
                               San Francisco, CA 94105

14                             drosenthal@simmonsfirm.com

15

16                             Gregory F. Coleman (*pro hac vice* to be
                               submitted)

17                             **GREG COLEMAN LAW PC**

18                             First Tennessee Plaza
                               800 S. Gay Street, Suite 1100

19                             Knoxville, Tennessee 37929

20                             Telephone:  (865) 247-0080
                               Facsimile:  (865) 533-0049

21                             greg@gregcolemanlaw.com

22                             **Attorneys for the Plaintiffs**

23

24

25

26

27

28

---

1

## **DEMAND FOR JURY TRIAL**

2

3
Plaintiffs hereby demand a trial by jury of all issues herein so triable.

4

Dated:  December 14, 2016                    Respectfully submitted,

5

6
*/s/ Deborah Rosenthal*
Deborah Rosenthal

7
Paul J. Hanly, Jr.   (*pro hac vice* to be submitted)

8
Mitchell M. Breit (*pro hac vice* to be submitted)
**SIMMONS HANLY CONROY LLC**

9
455 Market Street Suite #1150

10
San Francisco, CA 94105
drosenthal@simmonsfirm.com

11

12
Gregory F. Coleman (*pro hac vice* to be submitted)
**GREG COLEMAN LAW PC**

13
First Tennessee Plaza

14
800 S. Gay Street, Suite 1100

15
Knoxville, Tennessee 37929
Telephone:  (865) 247-0080

16
Facsimile:  (865) 533-0049

17
greg@gregcolemanlaw.com
**Attorneys for the Plaintiffs**

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT