BLANK ROME LLP
Jonathan A. Loeb (SBN 162758)
JLoeb@BlankRome.com
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Ghazal Tajmiri (SBN 265723)
GTajmiri@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:     424.239.3400
Facsimile:     424.239.3434

Attorneys for Defendants
GEL SPICE CO., INC., and BIG LOTS STORES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| PAMELA CAUDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEL SPICE CO., INC.; BIG LOTS STORES, INC.; GROCERY OUTLET, INC. and DOES 1 THROUGH 10,<br><br>Defendants. | Case No.  4:16-cv-07146-JSW<br>*[Assigned to the Hon. Jeffrey S. White]*<br><br>Class Action<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Notice of Motion and Motion to Strike; Memorandum of Points and Authorities in support thereof; Request for Judicial Notice; Declaration of Ghazal Tajmiri; and [Proposed] Orders]*<br><br>Complaint Filed:        December 14, 2016<br>First Amended Complaint Filed: April 3, 2017<br><br>Date:        July 21, 2017<br>Time:        9:00 a.m.<br>Location:        Courtroom 5, 2nd Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE THAT** on July 21, 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White in Courtroom 5, 2nd Floor, of the above-entitled Court located at 1301 Clay Street, Oakland, CA 94612, defendants Gel Spice Co., Inc. ("Gel Spice") and Big Lots Stores, Inc. ("Big Lots," and collectively with Gel Spice, the "Defendants") each will and hereby do move for an order dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that plaintiff Pamela Caudle ("Plaintiff") fails to meet Article III standing requirements to bring any of her claims in this Court.  In addition, Defendants move pursuant to Rule 12(b)(6) to dismiss each cause of action in Plaintiff's First Amended Class Action Complaint ("FAC") on the grounds that Plaintiff fails to state a claim upon which relief can be granted.

 First, Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claim must be dismissed with prejudice because Plaintiff does not and cannot allege a viable claim of implied warranty under state law.  Second, Plaintiff's claim of breach of implied warranty of fitness for a particular purpose under Cal. Comm. Code Section 2315 must be dismissed with prejudice because Plaintiff fails to allege that she intended to use the turmeric product for a particular purpose (and alleges specifically that she purchased it to use for its ordinary purpose of consumption), that she relied on Defendants' judgment to select the product for that purpose, or that Defendants were aware of such particular purpose and reliance by Plaintiff.  Third, Plaintiff's claim of breach of implied warranty of merchantability under Cal. Comm. Code Section 2314 (as well as her claim of breach of implied warranty of fitness for a particular purpose) must also be dismissed with prejudice because Plaintiff failed to provide the required notice to Defendants prior to filing this action and lacks the requisite privity with Gel Spice.  Fourth, all of Plaintiff's UCL claims fail for the following independent reasons: (a) Plaintiff fails to meet the statutory standing requirement for individual claims under the UCL; (b) Plaintiff fails to plead her UCL claims with the heightened particularity required under Rule 9(b) of the Federal Rules of Civil Procedure; (c) Plaintiff fails to sufficiently allege an underlying violation under the UCL's unlawful prong; (d) Plaintiff fails to sufficiently allege her

1    claim under the UCL's fraudulent prong; and (e) Plaintiff fails to meet the requirements for stating a

2    claim under the UCL's unfair prong.

3         This Motion is based on this Notice of Motion and Motion, the accompanying Notice of

4    Motion and Motion to Strike under Federal Rules of Procedure 12(f) and 23(d)(1)(D), each Motion's

5    supporting Memorandum of Points and Authorities, the accompanying Request for Judicial Notice,

6    all filed concurrently herewith, the pleadings and papers on file in this case, and upon such other

7    argument and documents matters as may be presented to this Court at or before the hearing on this

8    Motion.

9

10   DATED:  April 28, 2017                    BLANK ROME LLP

11

12                                            By:   /s/ Cheryl S. Chang
                                                   Jonathan Loeb
13                                                 Cheryl S. Chang
                                                   Ghazal Tajmiri
14                                            Attorneys for Defendants,
                                             GEL SPICE CO., INC., and BIG LOTS STORES, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I. SUMMARY OF ARGUMENT .................................................................................. vi

II. INTRODUCTION .............................................................................................. 1

III. STATEMENT OF FACTS ................................................................................... 2

IV. LEGAL STANDARD ......................................................................................... 4

    A.    Rule 12(b)(1) ........................................................................................ 4

    B.    Rule 12(b)(6) ........................................................................................ 4

V. ARGUMENT .................................................................................................... 5

    A.    Plaintiff's Entire FAC Must Be Dismissed for Lack of Article III Standing ............... 5

    B.    Plaintiff's First Cause of Action For "Violations of the Magnuson-Moss Warranty Act ('MMWA')" Must Be Dismissed With Prejudice .............................. 6

    C.    Plaintiff's Second Cause of Action For Breach of Implied Warranties Must Be Dismissed with Prejudice .......................................................................... 6

        1.    Plaintiff Fails to Allege the Required Elements for Breach of Implied Warranty of Fitness for a Particular Purpose and Amendment Would Be Futile ............................................................................................ 6

        2.    Plaintiff Failed to Provide the Requisite Pre-Suit Notice for Her Breach of Implied Warranty Claims and Amendment Would Be Futile .......... 7

        3.    Plaintiff Fails to Allege the Required Privity with Gel Spice For Her Breach of Implied Warranty Claims and Amendment Would Be Futile .......... 8

    D.    Plaintiff's Third Cause of Action Alleging UCL Violations Also Must Be Dismissed For Several Independent Reasons .................................................... 9

        1.    Plaintiff Fails to Meet the Statutory Standing Requirement for Her UCL Claims ........................................................................................ 9

        2.    Plaintiff Fails to Plead Her UCL Claims with the Heightened Particularity Required ............................................................................ 10

        3.    Plaintiff Fails to Allege an Underlying Violation Under the UCL's Unlawful Prong ................................................................................... 13

        4.    Plaintiff Fails to Sufficiently Allege Her Claim Under the UCL's Fraudulent Prong ............................................................................... 13

        5.    Plaintiff's Use of Labels and Conclusions Does Not Satisfy UCL's Unfair Prong ...................................................................................... 14

VI. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aleksick v. 7-Eleven, Inc.*,
   205 Cal. App. 4th 1176 (2012) ........................................................................15

*Alvarez v. Chevron Corp.*,
   656 F.3d 925 (9th Cir. 2011) .............................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................4

*Bell Atl. v. Twombly*,
   , 550 U.S. 544 (2007)........................................................................................4

*Burdt v. Whirlpool Corp.*,
   2015 U.S. Dist. LEXIS 102761 (N.D. Cal. 2015) ...........................................15

*Camacho v. Auto. Club of So. Cal.*,
   142 Cal. App. 4th 1394 (2006) ........................................................................15

*Cantrell v. City of Long Beach*,
   241 F.3d 674 (9th Cir. 2001) .............................................................................4

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
   No. C 10-01044 JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011)............4, 12, 14

*Clemens v. Daimler-Chrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ................................................................... vi, 8

*Davis v. Apperience Corp.*,
   No. C 14-00766 WHA, 2014 WL 5528232 (N.D. Cal. Oct. 31, 2014) .............7

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) ........................................................................10

*Figy v. Frito-Lay*,
   67 F. Supp. 3d 1075 (N.D. Cal. 2014) .............................................................13

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) .............................................................................14

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) ..........................................................................10

*Hammock v. Nutramarks, Inc.*,
   No. 15cv2056 BTM (NLS), 2016 WL 4761784 (S.D. Cal. Sept. 12, 2016) ..........8

*Hill v. Roll Int'l Corp.*,
   195 Cal. App. 4th 1295 (2011) ........................................................................14

*Ivie v. Kraft Foods Glob., Inc.*,
   961 F. Supp. 2d 1033 (N.D. Cal. 2013) ...........................................................10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................... vi, 11

*Lapidus v. Hecht,*
    232 F.3d 679 (9th Cir. 2000) ....................................................................................5

*Laster v. T-Mobile USA, Inc.,*
    407 F. Supp. 2d 1181 (S.D. Cal. 2005)...................................................................10

*Lawther v. OneWest Bank, FSB,*
    No. C-10-00054, 2012 WL 298110 (N.D. Cal. Feb. 1, 2012) ................................ vi, 9

*Lessard v. Trinity Prot. Servs.,*
    No. 2:10-cv-01262-MCE-KJN, 2010 U.S. Dist. LEXIS 80582 (E.D. Cal. Aug. 3,
    2010) .........................................................................................................................5

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ........................................................................................... vi, 5

*Nabors v. Google, Inc.,*
    No. 5:10-CV-03897, 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ....................... vi, 6

*Progressive W. Ins. v. Superior Court,*
    135 Cal. App. 4th 263 (2005) .................................................................................15

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990) ...............................................................................7, 8

*Rosado v. eBay, Inc.,*
    53 F. Supp. 3d 1256 (N.D. Cal. 2014) ....................................................................11

*Saldate v. Wilshire Credit Corp.,*
    711 F. Supp. 2d 1126 (E.D. Cal. 2010)................................................ vi, 11, 12, 13

*Smith v. Allstate Ins. Co.,*
    160 F. Supp. 2d 1150 (S.D. Cal. 2001)...............................................................11, 14

*Smith v. LG Elecs. U.S.A., Inc.,*
    No. C 13-4361, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014)............................... vi, 6, 10, 14, 15

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016)..............................................................................................5

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ..................................................................................11

*Swearingen v. Santa Cruz Nat., Inc.,*
    Case No. 13-cv-04291-SI, 2016 WL 4382544 (N.D. Cal. Aug. 17, 2016) ........................ vi, 7, 8

*In re Tobacco II,*
    46 Cal. 4th 298 (2009) ..............................................................................................9

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,*
    594 F.2d 730 (9th Cir. 1979) ....................................................................................4

*Ticconi v. Blue Shield of Cal. Life & Health Ins.,*
    160 Cal. App. 4th 528 (2008) .................................................................................15

*Trazo v. Nestle Inc.,*
    No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534 (N.D. Cal. Aug. 9, 2013)...................13

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...................................................................................11

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ................................................................. vi, 14

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) .....................................................................................4

*Washington Envtl. Council v. Bellon*,
   732 F.3d 1131 (9th Cir. 2013) .....................................................................................5

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .....................................................................................4

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) .....................................................................................14

*Wolph v. Acer Am. Corp.*,
   No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681 (N.D. Cal. Sept. 14, 2009) ............. vi, 8, 11

*Xavier v. Philip Morris USA, Inc.*,
   787 F. Supp. 2d 1075 (N.D. Cal. 2011) .......................................................................8

*Yanting Zhang v. Superior Court*,
   57 Cal. 4th 364 (2013) ........................................................................................14, 15

**Statutes**

15 U.S.C. § 2301(7) ............................................................................................................6

15 U.S.C. § 2310(d) ...........................................................................................................6

21 U.S.C. § 342(a)(1) .......................................................................................................13

Cal. Bus. & Prof. Code § 17200 ........................................................................................1

Cal. Bus. & Prof. § 17204 .................................................................................................9

Cal. Civ. Code § 1790 ......................................................................................................13

Cal. Civ. Code § 1791(a) .................................................................................................13

Cal. Com. Code § 2314 ............................................................................................ vi, 1, 6

Cal. Com. Code § 2315 ............................................................................................ vi, 1, 6

Cal. Com. Code § 2607(3)(A) ...........................................................................................7

Cal. Health & Safety Code § 25249.5, *et seq.* ...............................................................13

Cal. Health & Safety Code § 109875 ..............................................................................13

U.S. Const. art. III ................................................................................................1, 4, 5, 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ..................................................................................................4, 12

Fed. R. Civ. P. 9(b) ....................................................................................... vi, 10, 11, 12

Fed. R. Civ. P. 12(b)(1) ..............................................................................................1, 4

Fed. R. Civ. P. 12(b)(6) ..............................................................................................4, 5

Fed. R. Civ. P. 23 ..................................................................................................................................4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA – 4:16-CV-07146-JSW

1

## I.    SUMMARY OF ARGUMENT

2      Plaintiff's entire FAC must be dismissed with prejudice because she fails to meet Article III's

3   standing causation requirement to bring an action in this Court, *see Lujan v. Defenders of Wildlife*, 504

4   U.S. 555, 560-61 (1992), and further fails to state a claim upon which relief can be granted under any

5   of her causes of action.  First, Plaintiff's MMWA claim fails due to her lack of a viable claim of

6   implied warranty under state law as required.  *See Nabors v. Google, Inc.*, No. 5:10–CV–03897, 2011

7   WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011).  Second, Plaintiff's claim of breach of implied warranty

8   of fitness for a particular purpose under Cal. Comm. Code Section 2315 fails because Plaintiff does

9   not allege that she intended to use the turmeric product for a particular purpose, that she relied on

10   Defendants' judgment to select the product for that purpose, or that Defendants were aware of such

11   particular purpose and reliance by Plaintiff.  *See Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361, 2014

12   WL 989742, at *7 (N.D. Cal. Mar. 11, 2014).  Third, Plaintiff's claim of breach of implied warranty

13   of merchantability under Cal. Comm. Code Section 2314 (as well as her claim of breach of implied

14   warranty of fitness for a particular purpose) also fails because Plaintiff did not provide the required

15   notice to Defendants prior to filing this action.  *See Swearingen v. Santa Cruz Nat., Inc.*, Case No. 13-

16   cv-04291-SI, 2016 WL 4382544 (N.D. Cal. Aug. 17, 2016).  Plaintiff's breach of implied warranty

17   claims must also be dismissed with prejudice against Gel Spice because Plaintiff lacks the requisite

18   privity with Gel Spice.  *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS

19   83681, at *13-16 (N.D. Cal. Sept. 14, 2009); *see also Clemens v. Daimler-Chrysler Corp.*, 534 F.3d

20   1017, 1023 (9th Cir. 2008).  Fourth, Plaintiff's UCL claims fail because she does not: (a) meet the

21   statutory standing requirement under the UCL (*Lawther v. OneWest Bank, FSB*, No. C-10-00054, 2012

22   WL 298110, at *23 (N.D. Cal. Feb. 1, 2012); (b) plead her UCL claims with the heightened

23   particularity required under Rule 9(b) of the Federal Rules of Civil Procedure (*Kearns v. Ford Motor

24   Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)); (c) allege an underlying violation under the UCL's unlawful

25   prong (*Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1137 (E.D. Cal. 2010)); (d) allege a

26   claim under the UCL's fraudulent prong (*Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877 (C.D.

27   Cal. 2013)); and (e) meet the requirements for stating a claim under the UCL's unfair prong (*Smith*,

28   2014 WL 989742, at *7).

## II.     **INTRODUCTION**

Plaintiff Pamela Caudle's First Amended Class Action Complaint ("FAC")[1] continues to suffer from deficient allegations and fatal flaws that require its dismissal without leave to amend.  Plaintiff's FAC fails to assert cognizable claims for violations of California or federal law.  Plaintiff claims that defendants Gel Spice Co., Inc. ("Gel Spice") and Big Lots Stores, Inc. ("Big Lots," and, together with Gel Spice, "Defendants") violated the Magnuson-Moss Warranty Act ("MMWA"), breached implied warranties under California Commercial Code Sections 2314 and 2315, and violated California Business & Professions Code Section 17200 ("UCL") by selling turmeric spice products containing elevated levels of lead, a naturally occurring substance, and making general assurances of quality about their products.  However, each one of Plaintiff's claims suffers from fatally deficient allegations which do not state a claim as a matter of law and which require the dismissal of her entire FAC.

As a threshold matter, Plaintiff does not meet the causation element required for Article III standing to bring her claims in this Court because she fails to trace her purported injury to Defendants' challenged conduct.  Accordingly, the Court should dismiss the entire FAC for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Even if Plaintiff had the requisite standing to appear in this Court, Plaintiff's entire FAC is still subject to dismissal because she fails to allege the basic elements required to state each claim.

First, Plaintiff's claim of breach of implied warranty of fitness for a particular purpose under Cal. Comm. Code Section 2315 must be dismissed with prejudice because Plaintiff does not allege that she intended to use the turmeric product for a particular purpose, relied on Defendants' judgment to select the product for that purpose, or that Defendants were aware of such particular purpose and reliance by Plaintiff.  Second, Plaintiff's claim of breach of implied warranty of merchantability under Cal. Comm. Code Section 2314 (as well as her claim of breach of implied warranty of fitness for particular purpose) must also be dismissed with prejudice because Plaintiff failed to provide the required notice of her alleged claims to Defendants prior to filing this action and she lacks the requisite privity with Gel Spice.  Third, Plaintiff's MMWA claim must be dismissed with prejudice because

---

[1] Defendants Gel Spice Co., Inc., Big Lots Stores, Inc., and Grocery Outlet, Inc. previously filed a motion to dismiss and strike the original complaint.  In response, Plaintiff dismissed Grocery Outlet, Inc. with prejudice and the parties stipulated to Plaintiff voluntarily amending the complaint.

1   Plaintiff does not and cannot allege a viable claim of implied warranty under state law.  Fourth, all of

2   Plaintiff's UCL claims fail for the following independent reasons: (a) Plaintiff fails to meet the

3   statutory standing requirement for individual claims under the UCL; (b) Plaintiff fails to plead her

4   UCL claims with the heightened particularity required under Rule 9(b) of the Federal Rules of Civil

5   Procedure; (c) Plaintiff fails to sufficiently allege an underlying violation under the UCL's unlawful

6   prong; (d) Plaintiff fails to sufficiently allege her claim under the UCL's fraudulent prong; and (e)

7   Plaintiff fails to meet the requirements for stating a claim under the UCL's unfair prong.

8   **III.   STATEMENT OF FACTS**

9       Lead is a naturally occurring substance and its presence in food at certain levels is not deemed

10  harmful.  *See, e.g.*, FAC. ¶16; Request for Judicial Notice ("RJN"), Exs. 3-5.  In July 2016, Defendant

11  Gel Spice recalled one lot of Fresh Finds Ground Turmeric Powder ("Fresh Finds") after routine

12  sampling by the New York State Department of Agriculture and subsequent analysis revealed elevated

13  levels of lead in that particular lot, identified with the "UPC code of 81026-01230" and the Best By

14  dates of 03/08/19 and 05/18/19.  RJN, Ex. 1.  In August 2016, Gel Spice expanded its recall to include

15  certain specific lots of additional brands of its turmeric products, each of which was identified by a

16  UPC Number and a Best By date.  *Id.* at Ex. 2.

17      On December 14, 2016, Plaintiff filed a purported class action complaint ("Complaint")

18  against Gel Spice, Big Lots, and Grocery Outlet, Inc. ("Grocery Outlet"), asserting three causes of

19  action based on her alleged purchases of certain turmeric spice products from Big Lots and Grocery

20  Outlet.  On February 28, 2017, the three defendants jointly filed a Motion to Dismiss the Complaint

21  and a Motion to Strike Portions of the Complaint.  Dkts. 17-18.  The parties filed a stipulation on

22  March 31, 2017, which the Court approved, allowing Plaintiff to file a First Amended Complaint and

23  to dismiss Grocery Outlet with prejudice.  Dkts. 32, 35.  On April 3, 2017, Plaintiff filed a First

24  Amended Class Action Complaint ("FAC") against Gel Spice and Big Lots.  Dkt. 36.

25      Plaintiff alleges that Big Lots "rebranded the adulterated turmeric products [from Gel

26  Spice]…with its own brand name, [Fresh Finds]" and sold it to Big Lots' customers under that brand.

27  FAC ¶2.  Plaintiff claims that she "purchased at least two bottles of Defendants' recalled Turmeric

28

1    Products, which she retained" and asserts that two photographs in the FAC depict "the actual bottles."[2]

2    *Id.* at ¶5.  Both photographs are of Fresh Finds bottles; however, only one of them shows the UPC

3    number and Best By date on the bottle, which matches the recalled Fresh Finds lot.  *Id.*  Plaintiff does

4    not allege any specific purchase date for any of her alleged purchases, only claiming that she purchased

5    Fresh Finds turmeric from Big Lots "on several occasions within the past year and a half."  *Id.* at ¶10.

6    She claims that she "shopped at other stores for turmeric, [but] she often made her purchases from the

7    Big Lots store on Mission Street because it is near her residence."[3]  *Id.*

8            Plaintiff claims that she "believed that consuming turmeric was good for her health" without

9    ascribing this belief in any way to Defendants.  *Id.*  Plaintiff generally alleges that Gel Spice makes

10   certain representations about its products, including "promis[ing] consumers on its website that it

11   provides its customers with 'quality products;' that it 'maintains an in-house lab for pathogen testing

12   to ensure safe and superior products;' and that it employs 'quality assurance programs' throughout its

13   facilities."  *Id.* at ¶¶1, 19.  She broadly claims that Gel Spice "has broken that promise…by selling one

14   of its spices, turmeric, containing toxic levels of lead, resulting in a recall of several of its turmeric

15   brands."  *Id.* at ¶1.  Crucially, Plaintiff does ***not*** make ***any*** allegations about representations by Big

16   Lots, other than a vague, general allegation about "*Defendants'* marketing and sale of the products"

17   (*Id.* at ¶50 (emphasis added)), with "Defendants" defined to include Gel Spice, Big Lots, and Does 1-

18   5 (*Id.* at n. 2).  Plaintiff also does not allege that she personally viewed or specifically relied on any of

19   the purported misrepresentations on Gel Spice's website in making her purchases from Big Lots at

20   some unstated points "within the past year and a half."  *See id.* at ¶10.  Indeed, Plaintiff only alleges

21   that "[a]t the time Plaintiff made her purchases of Gel Spice turmeric (Fresh Finds) from the Big Lots

22   store on Mission Street, she was never advised about the lead in the product" and that "[i]f she had

23   been so advised, she would not have purchased it because of the safety issues involved".  *Id.*[4]

24

25   _____

     [2] All of the other photographs in the FAC are identical copies of photographs from the recall notices.

26   *Compare* FAC ¶¶3-4 *with* RJN Exs. 1-2.
     [3] Plaintiff does not specifically allege that she purchased any of the other recalled products.

27   [4] Based in part on these allegations, Plaintiff seeks to represent a class of purportedly similarly-
     situated consumers of products with the same UPC code as the Recalled Products (which is much

28   broader than the actual Recalled Products identified as having a certain UPC code *and* a specific
     Best By date).  As discussed in Defendants' concurrently filed Motion to Strike, however, Plaintiff's

                                                    3

1

## IV.   LEGAL STANDARD

2

### A.   Rule 12(b)(1)

3

A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal

4

jurisdiction, or allege an actual lack of jurisdiction despite the formal sufficiency of the complaint.

5

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  Claims brought

6

under state law must also satisfy federal standing requirements under Article III.  *Cantrell v. City of*

7

*Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001).  Because challenges to standing implicate a federal

8

court's subject matter jurisdiction under Article III of the United States Constitution, they are properly

9

raised in a motion to dismiss under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

10

### B.   Rule 12(b)(6)

11

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

12

pleadings fail to state a claim upon which relief can be granted.  A complaint will not survive a motion

13

to dismiss unless the plaintiff has pled "sufficient factual matter, accepted as true, to 'state a claim to

14

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A sufficient complaint

15

"demands   more   than   an   unadorned,   the-defendant-unlawfully-harmed-me   accusation."   *Id*.

16

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

17

do not suffice." *Id.*; *see also Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011

18

WL 159380, at *3 (N.D. Cal., Jan. 10, 2011) (noting that, "even under the liberal pleading standard of

19

Federal Rule of Civil Procedure 8(a)(2)," a plaintiff must provide "'more than labels and conclusions,

20

and a formulaic recitation of the elements of a cause of action will not do'") (citation omitted).

21

In deciding a motion to dismiss under Rule 12(b)(6), a court need not "assume the truth of

22

legal conclusions merely because they are cast in the form of factual allegations."  *Warren v. Fox*

23

*Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  After stripping away such conclusory

24

assertions, the remaining factual allegations must "raise a right to relief above the speculative level."

25

*Bell Atl.*, 550 U.S. at 555.  In evaluating the sufficiency of a plaintiff's allegations, courts may also

26

consider exhibits submitted with the complaint, documents referenced in the complaint and relevant

27

28

class allegations should be stricken because the FAC also fails to allege facts that, if true, would
satisfy the requirements for certification in Rule 23 of the Federal Rules of Civil Procedure.

matters subject to judicial notice.  *See*, *e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000).  If a plaintiff fails to attach to the complaint documents upon which the complaint is based, the defendant may include such documents with its Rule 12(b)(6) motion to dismiss.  *See*, *e.g.*, *Lessard v. Trinity Prot. Servs.*, No. 2:10-cv-01262-MCE-KJN, 2010 U.S. Dist. LEXIS 80582, at *3-4, n.4 (E.D. Cal. Aug. 3, 2010) (citations omitted).

## V.   **ARGUMENT**

### A.   **Plaintiff's Entire FAC Must Be Dismissed for Lack of Article III Standing**

Plaintiff lacks Article III standing because Plaintiff's theory alleges no injury traceable to Defendants' alleged conduct by action against Gel Spice or Big Lots. The "irreducible constitutional minimum" of Article III standing requires three elements: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent;" (2) "a causal connection between the injury and the conduct complained of—the ***injury has to be fairly traceable to the challenged action of the defendant***, and not the result of the independent action of some third party not before the court"; and (3) it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (emphasis added); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("[A]t the pleading stage, the plaintiff must 'clearly …allege facts demonstrating' each element.") (citations omitted).  Courts "have an independent duty" to review standing as a basis for jurisdiction.  *See Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

Here, Plaintiff falls far short of satisfying the causation requirement.  The conduct that Plaintiff complains about in the FAC is Defendants' alleged misrepresentations about the turmeric products Plaintiff claims to have purchased, specifically, the alleged statements on Gel Spice's website regarding the quality of its products.  *See generally* FAC.  Yet, Plaintiff fails to plead any facts establishing a causal connection between any alleged misrepresentations by Defendants and any resulting injury.[5]  Thus, Plaintiff plainly fails to trace her purported injury to the challenged conduct of Defendants and the entire FAC must be dismissed for lack of standing.

---

[5] Plaintiff fails to even allege any specific misrepresentation by Big Lots so she further fails to trace any purported injury to Big Lots.  Furthermore, having failed to allege any injury in fact traceable to the Defendants, Plaintiff also cannot allege that any injury will be redressed by a favorable decision.

**B.     Plaintiff's First Cause of Action For "Violations of the Magnuson-Moss Warranty Act ('MMWA')" Must Be Dismissed With Prejudice**

The MMWA creates a federal cause of action for consumers to enforce the terms of written or implied warranties. *See* 15 U.S.C. Section 2310(d).  Plaintiff expressly limits her MMWA claim to be for alleged breach of implied warranties.  FAC p. 30 (First Cause of Action).  Under the MMWA, the term "implied warranty" means "an implied warranty arising under State law…."  15 U.S.C. § 2301(7).  Thus, if a plaintiff fails to maintain a viable claim of implied warranty under applicable state law, then her MMWA claim will also fail as a matter of law.  *See Nabors*, 2011 WL 3861893, at *4.  That is precisely the case here, because, as explained below, Plaintiff fails to allege a viable breach of implied warranty claim under California law.  Accordingly, as explained below, Plaintiff does not and cannot state a viable cause of action for breach of implied warranty under California law and her MMWA claim must be dismissed without leave to amend.

**C.     Plaintiff's Second Cause of Action For Breach of Implied Warranties Must Be Dismissed with Prejudice**

　　　　1.     Plaintiff Fails to Allege the Required Elements for Breach of Implied Warranty of Fitness for a Particular Purpose and Amendment Would Be Futile

Plaintiff alleges that Defendants breached the implied warranties of merchantability and fitness for a particular purpose under California Commercial Code Sections 2314 and 2315, respectively. FAC ¶55.  To maintain a claim for breach of the implied warranty of fitness for a particular purpose under Cal. Comm. Code § 2315, Plaintiff "must allege facts showing that (1) at the time of purchase, the buyer intended to use the product for a particular purpose; (2) the seller had reason to know this; (3) the buyer relied on the seller's judgment to select suitable goods for that purpose; (4) the seller had reason to know that the buyer was relying on seller in this way; and (5) the product failed to suit buyer's purpose and subsequently damaged the buyer." *Smith*, 2014 WL 989742, at *7.  "A 'particular purpose' differs from 'the ordinary purpose for which the goods are used' in that it 'envisages a specific use by the buyer which is peculiar…whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods.'" *Id.* (citations omitted).  Here, Plaintiff fails to allege *any* of those required elements. *See generally* FAC.  Plaintiff does not allege that she intended to use the turmeric for *any particular*

purpose when she purchased it, that she relied on Defendants' judgment to select a suitable product for *that particular purpose*, that Defendants had reason to be aware of any such particular purpose or reliance by Plaintiff, nor that the product failed to suit her *particular* purpose and caused her damage. *See generally id.*   In fact, Plaintiff specifically alleges throughout the FAC that she purchased the turmeric for *consumption*, which is its ordinary purpose.  *See, e.g.*, FAC at ¶¶ 50-51, 60.  Thus, not only does Plaintiff plainly fail to state a claim for breach of implied warranty of fitness for a particular purpose, but amendment would be futile so her claim must be dismissed with prejudice.  *See Reddy v. Litton Industries, Inc.*, 912 F. 2d 291, 296-97 (9th Cir. 1990) (affirming dismissal with prejudice due to amendment's futility and rule that amended complaint can only allege "other facts consistent with the challenged pleading.") (citation omitted).

   2.   <u>Plaintiff Failed to Provide the Requisite Pre-Suit Notice for Her Breach of Implied Warranty Claims and Amendment Would Be Futile</u>

Prior to bringing a lawsuit for breach of implied warranty of merchantability or fitness for a particular purpose, a consumer "must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."  Cal. Comm. Code § 2607(3)(A); *Swearingen*, 2016 WL 4382544, at *11 (dismissing, with prejudice, breach of implied warranty claim in consumer class action due to Plaintiff's lack of sufficient pre-suit notice to manufacturer).  The Ninth Circuit has "rejected the argument that the filing of a lawsuit may constitute notice for breach of express and implied warranty claims."  *Id.* (citing *Alvarez v. Chevron Corp.*, 656 F.3d 925 (9th Cir. 2011)); *see also Davis v. Apperience Corp.*, No. C 14-00766 WHA, 2014 WL 5528232, at *5 (N.D. Cal. Oct. 31, 2014) (it is "relatively easy for a consumer to comply with Section 2607(3)(A), and the burden of doing so is so slight that the Court is unwilling to dispense with the notice required…and unwilling to invite extensive satellite litigation into futility and/or actual knowledge").  Here, Plaintiff fails to allege that she has provided the requisite pre-lawsuit notice to either Gel Spice or Big Lots.  In fact, Plaintiff implicitly admits that she did *not* provide such notice to Defendants by alleging only that "[o]n information and belief, Defendants received notice…by the investigation of the New York State Department of Agriculture and Markets."  FAC ¶56.  This implied admission was even more apparent in Plaintiff's Complaint, where she alleged that Defendants also "received notice…through the instant Complaint."  Compl. ¶58.  Because Plaintiff's failure to provide

pre-suit notice of the alleged breach to Defendants cannot be cured by amendment, the Court should dismiss Plaintiff's implied warranty claims with prejudice. *See Swearingen*, 2016 WL 4382544 at *11 (dismissing breach of implied warranty claim with prejudice because "it does not appear that plaintiffs could cure their failure to provide notice by amending their complaint"); *Reddy*, 912 F. 2d at 296-97.

3.   Plaintiff Fails to Allege the Required Privity with Gel Spice For Her Breach of Implied Warranty Claims and Amendment Would Be Futile

Privity is "a prerequisite in California for recovery on a theory of a breach of the implied warranties of fitness and merchantability." *Wolph*, 2009 U.S. Dist. LEXIS 83681, at *6. However, "an end consumer …who buys from a retailer is not in privity with a manufacturer." *Clemens v. Daimler-Chrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Here, Plaintiff's breach of implied warranty claims is further subject to dismissal against Gel Spice because she does not, and cannot, allege the required privity with Gel Spice. Plaintiff raises certain narrow exceptions to the privity requirement in the FAC, but none of them apply here. While Plaintiff asserts that she "had sufficient direct dealings with either defendants or their agents to establish privity of contract," she alleges no actual facts to support that conclusory allegation. FAC ¶40. Plaintiff then incorrectly claims "privity is not required here because Plaintiff … [is an] intended third-party beneficiar[y] of contracts between Defendants and their third-party manufacturers . . . [and] because the Turmeric Products are dangerous instrumentalities due to the defect and nonconformities outlined herein." *Id.* at ¶¶ 40-41. However, the "dangerous instrumentality" exception to privity is a "narrow" one that applies when an employee sues a vendor-manufacturer for a purchase by his or her employer. *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1083-84 (N.D. Cal. 2011). In addition, the Ninth Circuit generally does not recognize a third-party beneficiary exception to privity. *See Clemens*, 534 F.3d at 1023 ("an end consumer such as [Plaintiff] who buys from a retailer is not in privity with a manufacturer.").

Lastly, Plaintiff alleges that privity is not required between a manufacturer and the end-user of "foodstuffs." FAC ¶55. However, the foodstuff exception does not apply where, as is the case here, the plaintiff does not allege any physical injuries as a result of consuming the product. *See Hammock v. Nutramarks, Inc.*, No. 15cv2056 BTM (NLS), 2016 WL 4761784, at *5 (S.D. Cal. Sept. 12, 2016) (finding foodstuff exception to privity inapplicable where plaintiff alleged no physical injuries from

8

consumption and granting manufacturer's motion to dismiss plaintiff's breach of implied warranty claim).   Thus, Plaintiff's breach of implied warranty claims against Gel Spice must also be dismissed with prejudice for the independent reason that she does not and cannot allege the requisite privity.

**D.**   **Plaintiff's Third Cause of Action Alleging UCL Violations Also Must Be Dismissed For Several Independent Reasons**

1.   Plaintiff Fails to Meet the Statutory Standing Requirement for Her UCL Claims

In addition to Article III standing, Plaintiff must also meet standing requirements under the UCL which specify that plaintiff must have "suffered injury in fact and [] lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. § 17204 (emphasis added).   To have standing under the UCL, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Lawther v. OneWest Bank, FSB*, No. C-10-00054, 2012 WL 298110, at *23 (N.D. Cal. Feb. 1, 2012).   To meet the causation requirement for statutory standing under the UCL, plaintiffs must "demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions."  *In re Tobacco II,* 46 Cal. 4th 298, 306 (2009).   This means that Plaintiff must show that she saw and actually relied on "the [alleged] deceptive advertising and misrepresentations as a result of which the loss of money or property was sustained."  *Id.* at 325; *see also id.* at 326 ("Reliance is proved by showing that the defendant's misrepresentation or nondisclosure was an *immediate cause* of the plaintiff's injury-producing conduct.") (emphasis added; quotations omitted).

Here, Plaintiff fails to plead facts establishing a causal connection between any alleged misrepresentation by Defendants and any resulting injury.   First, as to Big Lots, Plaintiff fails to identify even a single alleged misrepresentation, let alone alleging that she viewed and relied on such phantom misrepresentation immediately before making her purchases.  *See generally* FAC; *see also* discussion at Part V.D.2 *infra*.   Second, even Plaintiff's general allegations regarding alleged misrepresentations by Gel Spice on its website are insufficient for standing because Plaintiff never alleges that she visited Gel Spice's website, that she saw or was even aware of the alleged misrepresentations, or that she relied on them when purchasing the products.  *See* FAC ¶5 (only

9

claiming that she would not have purchased Defendants' products "had Defendants disclosed that they contained…lead" without alleging that Defendants were aware of any lead-contamination at the time of her purchase)[6].  Indeed, it is entirely unclear when Plaintiff first became aware of any of the alleged misrepresentations by Gel Spice (or even *if* she personally became aware of them).

Without alleging that she personally viewed the alleged misrepresentations on Gel Spice's website, Plaintiff certainly cannot allege that she relied on any such misrepresentations (nor does she do so).  Thus, Plaintiff lacks the requisite standing for her UCL claims.  *See Ivie v. Kraft Foods Glob., Inc.*, 961 F. Supp. 2d 1033, 1047 (N.D. Cal. 2013) (dismissing claims of misrepresentation based on website's statements such as "excellent source," "healthy," and "wholesome" where plaintiff failed to plead specific reliance on these statements); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (finding no reliance where "SAC [did] not allege [plaintiff] ever visited [defendant's] website"); *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 856 (2008) (affirming dismissal of UCL claim for lack of standing, without leave to amend, due to lack of causation because plaintiffs did not allege "that they saw, read, or in any way relied on the advertisements, nor [did] they allege that they entered into the transaction *as a result of* those advertisements") (emphasis in original); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (dismissing plaintiffs UCL claims for lack of standing where plaintiffs failed to allege they actually relied on false or misleading advertisements).  Since Plaintiff cannot establish the causation element required for standing under the UCL, her UCL claims necessarily fail and must be dismissed without leave to amend.  *See Hall*, 158 Cal. App. 4th at 859 (affirming dismissal without leave to amend where plaintiff failed to allege facts showing causation).

      2.   <u>Plaintiff Fails to Plead Her UCL Claims with the Heightened Particularity Required</u>

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud…a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Even if fraud is not a necessary element of a claim, when a plaintiff alleges "a unified course of fraudulent

---

[6] To the extent Plaintiff attempts to rely on a nondisclosure theory of fraud, that claim must also fail because she "has alleged no facts – as opposed to mere conclusory assertions – that defendants were aware of or had any reason to know of the [issue complained of] at the time of sale, which is a requirement under the UCL."  *Smith*, 2014 WL 989742 at *12.

1   conduct" and relies entirely on that course of conduct as the basis of a claim, then "the claim is said

2   to be 'grounded in fraud' or to 'sound in fraud,' and the pleading as a whole must satisfy the

3   particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

4   2009).  To satisfy the heightened pleading requirement of Rule 9(b), Plaintiff's allegations must be

5   "specific enough to give defendants notice of the particular misconduct…so that they can defend

6   against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp.*

7   *USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  This includes specific allegations about "the who, what,

8   when, where, and how of the misconduct charged." *Id.*; *see also Swartz v. KPMG LLP*, 476 F.3d

9   756, 764 (9th Cir. 2007) (Rule 9(b) "requires more specificity, including an account of the 'time,

10   place, and specific content of the false representations as well as the identities of the parties'");

11   *Wolph*, 2009 U.S. Dist. LEXIS 83681, at *13-16.  Plus, "the Plaintiff must plead facts explaining

12   why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150,

13   1152 (S.D. Cal. 2001).  Any allegations "which do not meet that standard should be 'disregarded' or

14   'stripped' from the complaint for failure to satisfy Rule 9(b)." *Vess*, 317 F.3d at 1105.

15       Moreover, where there are "multiple fraud defendants, a plaintiff must provide each and

16   every defendant with enough information to enable them to know what misrepresentations are

17   attributable to them and what fraudulent conduct they are charged with." *Saldate v. Wilshire Credit*

18   *Corp.*, 711 F. Supp. 2d 1126, 1136 (E.D. Cal. 2010) (internal quotations omitted).  Indeed, "Rule

19   9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs

20   to differentiate their allegations when suing more than one defendant…and inform each defendant

21   separately of the allegations surrounding his alleged participation in the fraud." *Id.* (quoting *Swartz*,

22   476 F.3d at 764-65.  Plaintiff "must, at a minimum, identify the role of each defendant in the alleged

23   fraudulent scheme." *Id.*

24       California courts have routinely held that claims brought under the UCL sound in fraud and

25   are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See*

26   *Kearns*, 567 F.3d at 1125 ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading

27   standards apply to claims for violations of the…UCL."); *Rosado v. eBay, Inc.*, 53 F. Supp. 3d 1256,

28   1265 (N.D. Cal. 2014) ("Rule 9(b)'s particularity requirement applies to each of the three prongs of

the UCL ('unlawful,' 'unfair,' and 'fraudulent') where, as here, the claims based on a 'unified course of fraudulent conduct.'"); *see also* FAC ¶¶ 65-69.  As previously noted, Plaintiff fails to allege *any* misrepresentation by Big Lots and provides no information for Big Lots to know what specific misrepresentation or fraudulent conduct Plaintiff attributes to Big Lots.  *See generally* FAC.  Thus, her UCL claims against Big Lots also fail for the independent reason that she fails to allege them with *any* particularity, let alone the heightened particularity required under Rule 9(b).  *See Carrea*, 2011 WL 159380, at *1 (noting that, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2)," a plaintiff must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do'").

In addition, Plaintiff's allegations regarding the alleged misrepresentations by Gel Spice are entirely inadequate to satisfy Rule 9(b)'s heightened pleading requirement.  Plaintiff generally claims that Gel Spice makes certain representations about its products, including "promis[ing] consumers on its website that it provides its customers with 'quality products;' that it 'maintains an in-house lab for pathogen testing to ensure safe and superior products;' and that it employs 'quality assurance programs' throughout its facilities."  FAC ¶1, *see also id.* at ¶19 (alleging that "[w]hile claiming to 'ensure safe and superior products,' Gel Spice touts its 'quality assurance programs' and conducts [sic] third party and customer audits with 'superior ratings'").  Plaintiff then alleges only that Gel Spice "broke[] [the] promise" purportedly implied in these statements when it sold some of its turmeric spice with elevated lead levels, "resulting in a recall."  *See id.* at ¶1.  **But Plaintiff never alleges that these statements are false representations, let alone alleging facts to explain *how* they are false statements**.  Indeed, Plaintiff cannot accurately claim that issuing a recall while continuing to sell other products means that Gel Spice does not generally provide "quality products," that it does not "maintain[] an in-house lab for pathogen testing to ensure safe and superior products;" or that it does not employ "'quality assurance programs' throughout its facilities."  *See id.*  As such, Plaintiff fails to "set forth what is false or misleading about a statement [or omission] and why it is false."  *Saldate*, 711 F.Supp.2d at 1135.  Thus, Plaintiff's failure to plead her fraud-based claims with Rule 9(b)'s requisite level of particularity compels dismissal of her UCL claims with prejudice.

3.   <u>Plaintiff Fails to Allege an Underlying Violation Under the UCL's Unlawful Prong</u>

To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of another law.  Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim.  *Saldate*, 711 F. Supp. 2d at 1138 (citations omitted).  Here, Plaintiff's claim under the UCL's "unlawful" prong is fatally defective because she fails to adequately allege a violation of any underlying law.  Here, Plaintiff only makes conclusory allegations that "Defendants' acts and practices also constitute unlawful business practices in that they violate the Food, Drug, and Cosmetic Act (21 U.S.C. § 342(a)(1)); the Sherman Food, Drug, and Cosmetic Law, Cal. Health [&] Safety Code § 109875, *et seq.* ["Sherman Law"]; Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health & Safety Code §§ 25249.5, *et seq.*; the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.*;[7] and other applicable federal laws and regulations." FAC ¶63.  Yet Plaintiff does not cite any specific sections of the above list of statutes that she alleges Defendants have violated, and so, the statutory claims must fail.[8]  *See Saldate*, 711 F. Supp. 2d at 1132 (finding plaintiff's claim "doomed with failure to allege specific violations").

Moreover, even assuming Plaintiff could adequately allege an underlying statutory violation, her claim for a violation of the UCL's unlawful prong would still fail because she has not alleged any reliance on the alleged underlying statutory violation.  *See Figy v. Frito-Lay*, 67 F. Supp. 3d 1075, 1088 (N.D. Cal. 2014) ("[T]he Court reiterates its prior holding . . . A UCL plaintiff must plead reliance even for a claim under the UCL's unlawfulness prong."); *see also Trazo v. Nestle Inc.*, No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534, at *34 (N.D. Cal. Aug. 9, 2013) (explaining that alleging misbranding is not enough for an FAL/UCL claim without "connect[ing] the dots" to reliance).

4.   <u>Plaintiff Fails to Sufficiently Allege Her Claim Under the UCL's Fraudulent Prong</u>

Fraudulent business practices claims under the UCL are governed by the "reasonable consumer" test, under which a plaintiff must "show that members of the public are likely to be

---

[7] The Song-Beverly Consumer Warranty Act expressly excludes consumables from its reach.  Cal. Civ. Code § 1791(a).  Plaintiff cannot dispute that turmeric spice powder is a consumable product and, as such, not covered by the Song-Beverly Act. *See id.*

[8] For example, the Sherman Law has 8 Chapters, most of which have several Articles, with each Article containing numerous Sections – yet Plaintiff fails to identify any specific sections (or even articles) of the Sherman Law that she claims Defendants have violated.

13

deceived." *Carrea*, 2011 WL 159380 at *5 (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "[D]ismissal of such claims is appropriate where the plaintiff fails to show the likelihood that a reasonable consumer would be deceived." *Id.* (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *see also Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (reasonable consumer standard "requires a plaintiff to show potential deception of consumers acting reasonably in the circumstances—not just any consumers").   Moreover, to qualify as a misrepresentation, Plaintiff must allege facts sufficient to explain why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d at 1152.   Additionally, marketing or advertising statements that are "generalized, vague and unspecific…constitute mere 'puffery' upon which a reasonable consumer cannot rely." *Viggiano*, 944 F. Supp. 2d at 894; *see also Smith*, 2014 WL 989742, at *11 (holding "vague or highly subjective statements about product superiority are not statements upon which a reasonable consumer would rely, and are [thus] insufficient to state a claim").

Here, Plaintiff makes conclusory allegations that Defendants' acts and practices are fraudulent "in that they are false, misleading, and likely to deceive reasonable consumers like Plaintiff and other members of the Class."  FAC ¶66.[9]  Since Gel Spice is a manufacturer and does not sell its products directly to consumers, the "reasonable consumer" would not be aware of any statements about the quality of Gel Spice's products on its website.  *See* FAC ¶¶1, 20; *Viggiano*, 944 F. Supp. 2d at 892, n.38 ("A 'reasonable consumer' is 'the ordinary consumer acting reasonably under the circumstances,' and 'is not versed in the art of inspecting and judging a product, in the process of its preparation or manufacture.") (citation omitted).  Moreover, the alleged statements that Plaintiff complains about are nothing more than vague and unspecific marketing statements which courts have held "constitute mere 'puffery' upon which a reasonable consumer cannot rely."  *See Viggiano*, 944 F. Supp. 2d at 894. Thus, Plaintiff's claim under the UCL's fraudulent prong fails for this independent reason as well.

   5.  Plaintiff's Use of Labels and Conclusions Does Not Satisfy UCL's Unfair Prong

Plaintiff also fails to state a claim under the "unfair" prong of the UCL.  While there is no settled standard to determine whether a business practice is "unfair" in consumer actions, Plaintiff fails to state a claim under *any* of the possible standards.  *See Yanting Zhang v. Superior Court*, 57 Cal. 4th

---

[9] Again, such conclusory pleading is insufficient.  *See generally* Parts IV.B. and V.D.2. *supra*.

1   364, 380, n.9 (2013).[10]   Plaintiff only makes conclusory allegations and does not allege any facts

2   explaining *why* the alleged conduct is unfair or *how* it is immoral if it is not also false and misleading.

3   *See* FAC ¶67; *Smith*, 2014 WL 989742, at *9-10 (finding conclusory allegations, devoid of factual

4   support, do not suffice to state a claim under the unfair prong of the UCL).   Indeed, Plaintiff fails to

5   allege Defendants were even aware of the purported defect in the products she purchased when she

6   purchased them.   *See Burdt v. Whirlpool Corp.*, 2015 U.S. Dist. LEXIS 102761, at *23 (N.D. Cal.

7   2015) (finding "failure to disclose a defect that a manufacturer does not have a duty to disclose, i.e., a

8   defect of which it is not aware, does not constitute an unfair or fraudulent practice under the UCL");

9   *Smith*, 2014 WL 989742, at *12 ( "[a]bsent any allegations that defendants had prior knowledge of a

10   defect that needed to be remedied, there is no basis for a claim that defendants' conduct is unfair…or

11   unlawful").   Thus, Plaintiff's claim under the unfair prong fails for this independent reason as well.

12   ## VI.   <u>CONCLUSION</u>

13           For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's

14   FAC in its entirety, with prejudice.

15

16   DATED: April 28, 2017                    BLANK ROME LLP

17                                            By:  */s/ Cheryl S. Chang*_____

18                                               Jonathan Loeb
                                                Cheryl S. Chang

19                                               Ghazal Tajmiri
                                             Attorneys for Defendants

20                                           GEL SPICE CO., INC., and BIG LOTS STORES, INC.

21

22

23

---

24   [10] In *Yanting Zhang*, the California Supreme Court noted, without resolving, the unsettled state of the law, citing four different possible standards.  *See* 57 Cal. 4th at 380, n. 9 (citing *Aleksick v. 7–Eleven, Inc.*, 205 Cal. App. 4th 1176, 1192 (2012) (public policy that is predicate for action must be tethered to specific constitutional, statutory or regulatory provisions); *Ticconi v. Blue Shield of Cal. Life & Health Ins.*, 160 Cal. App. 4th 528, 539 (2008) (balancing test and whether practice offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers); *Camacho v. Auto. Club of So. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006) (consumer injury must be substantial, and neither outweighed by countervailing benefits nor avoidable by consumers); *Progressive W. Ins. v. Superior Court*, 135 Cal. App. 4th 263, 285 (2005) (impact of the act or practice on victim is balanced against reasons, justifications and motives of the alleged wrongdoer)).