Deborah Rosenthal (# 184241)
drosenthal@simmonsfirm.com
Paul J. Hanly, Jr. (*pro hac vice*)
phanly@simmonsfirm.com
Mitchell M. Breit (*pro hac vice*)
mbreit@simmonsfirm.com
**SIMMONS HANLY CONROY LLC**
455 Market Street, Suite 1150
San Francisco, California 94105
Phone: (415) 536-3986
Fax: (415) 537-4120

Gregory F. Coleman (*pro hac vice*)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (865) 247-0080
Facsimile: (865) 533-0049
greg@gregcolemanlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| PAMELA CAUDLE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>GEL SPICE CO., INC.; BIG LOTS STORES, INC.; GROCERY OUTLET, INC.; and DOES 1-10;<br><br>                    Defendants. | Case No. 4:16-CV-07146<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND REQUEST TO STRIKE INADMISSIBLE EVIDENCE**<br><br>[Fed. R. Evid. 201]<br><br>Hearing Date: July 21, 2017<br>Time: 9:00 a.m.<br>Courtroom: 5, 2nd Floor |

1

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
REQUEST TO STRIKE INADMISSIBLE EVIDENCE

Plaintiff responds to Defendants' Request for Judicial Notice in support of their Motions to Dismiss and to Strike, as follows.

In ruling on the legal sufficiency of a complaint challenged by a Rule 12(b)(6) motion, district courts may consider the allegations of the complaint and facts that are properly the subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). "Judicial notice is the means by which a court recognizes a fact in the absence of evidentiary proof." *Tri Union Frozen Products, Inc. v. U.S.*, 161 F.Supp.3d 1333, 1335-36 (CIT 2016). Courts may take judicial notice of any fact "not subject to reasonable dispute because (1) it is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy." Advisory Committee Note to Subdivision (b) of Fed. R. Evid. 201. "[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee,* 250 F.3d at 689 (citing to Fed. R. Evid. 201(b)).

Furthermore, the burden of proving that a fact is not subject to reasonable dispute lies with the party requesting that judicial notice be taken: The requesting party must provide the court with sufficient information to establish either that the facts are generally known or that they are capable of accurate verification from a credible and reliable source. *Tri Union,* 161 F.Supp.3d at 1336. Where a document's accuracy and authenticity are questionable, the proponent of the document cannot establish that the document is not subject to reasonable dispute such that the court may take judicial notice of it. *Ladore v. Sony Computer Entm't Am., LLC*, 75 F.Supp.3d 1065, 1074 (N.D. Cal. 2014) (citing to Fed. R. Evid. 201).

Defendants accompany their motions to dismiss and strike with a request that this Court take judicial notice of the following materials: FDA recall announcements that were posted on the Internet and referenced in Plaintiff's complaint (Exhibits 1 and 2); other information, ostensibly posted on the FDA's web site between 2010 and 2016, about the presence of lead in food products that are unrelated to this action (Exhibits 3 and 4); a statement posted on the web site of the California Office of Environmental Health Hazard Assessment (OEHHA) about Proposition 65 Guidelines for Lead and Lead Compounds (Exhibit 5); and five articles posted on commercial, consumer-focused Internet sites, regarding a variety of claimed uses and health benefits of turmeric (Exhibits 6-10 and A-E.)

With respect to Exhibits 1 and 2 (Dkt. Nos. 41-1 and 41-2), the fact that the recalls occurred, and the details of the recalls as set forth on the FDA web pages, are matters of public record that are not subject to reasonable dispute, their authenticity is uncontested, and Plaintiff refers to them in her FAC. For these reasons, the Court may take judicial notice of the documents. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

However, with respect to Exhibits 3-10 and A-E (Dkt. Nos. 41-3 through 41-12), Defendants' request (Dkt. No. 41) misapplies the principles of judicial notice and seeks to improperly introduce inadmissible evidence into these proceedings.

Defendants argue that the Court may take judicial notice of Exhibits 3-5 because the contents of government agency web sites are public records that "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, namely, the FDA and the OEHHA." (Defendants' Request for Judicial Notice at 3:5-14.) This is not the law. Rule 201 provides that the Court may take judicial notice of public records that are not subject to reasonable dispute. The existence of public records is not reasonably disputable, but the substantive contents of such documents very well may be. Thus, under Rule 201,

3

district courts have authority to take judicial notice of the reasonably indisputable facts that the FDA has reported findings regarding lead levels in food products, the FDA has issued a statement regarding combination metals testing, and the California OEHHA has issued a statement regarding Prop 65 Guidelines for Lead and Lead Compounds. But the courts may not take judicial notice of the *disputed factual contents* within those statements and reports. *See, e.g., Lee*, 250 F.3d at 689-90; and *Tri Union*, 161 F.Supp.3d at 1337 ("The fact that information appears on a government website does not make that information generally known or readily verified for accuracy and thus not subject to reasonable dispute.")

In the cases relied on by Defendants, the parties did not object to the requests for judicial notice of government agency information nor dispute the contents of the public records at issue. In contrast, the contents of Defendants' Exhibits 3, 4, and 5 include scientific information about which the government regulatory agencies are not necessarily reliable, let alone indisputable, sources. The toxicity of various lead levels on various types of products is a subject about which experts in the field may debate and on which they may disagree. Therefore, Plaintiff disputes the accuracy of the scientific information presented in those documents and objects that the substantive contents of those records are not properly the subject of judicial notice.

Defendants contend that the Court "should also take judicial notice of Exhibits 6-10, and their contents, because they are also not subject to reasonable dispute…." (Defendants' Request at 4:7-8.) Exhibits 6-10 appear to be commercial web pages targeting consumers of health and beauty products. Based on the information presented, the Court cannot assess the accuracy or authenticity of the facts presented in those documents, nor whether the documents were authored by reputable and reliable sources. Defendants have not shown, and cannot show, that marketing materials promulgated by sites with names like "livestrong.com" and "stylecraze.com" (Exhibits 7 and 8) are sources of information about the health

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND REQUEST TO STRIKE INADMISSIBLE EVIDENCE

benefits and uses of turmeric that cannot reasonably be questioned. *See, e.g., Tri Union, supra,* 161 F.Supp.3d at 1339 (truth of statements contained in academic articles are not judicially noticeable absent showing that the information in those materials "is indisputable").

Plaintiff further objects to Defendants' Exhibits 6-10 and A-E because these documents are irrelevant and unauthenticated. Even if the Court could take judicial notice of the fact that turmeric may be used for particular purposes other than ingestion, this fact does not alter nor otherwise impact the allegations in Plaintiff's FAC that Defendants' turmeric was intended for human consumption, was marketed as safe for human consumption, was purchased by Plaintiff for human consumption, and was not fit for human consumption. Exhibits 6-10 and A-E are therefore irrelevant to these proceedings. *See In re Calpine Corp, Sec. Litig.*, 288 F.Supp.2d 1054, 1076-77 (N.D. Cal. 2003) ("[E]ven if the Court could take judicial notice of the two documents at issue, the Court would not do so [because] Plaintiffs fail to explain how any of the cited or quoted portions of these documents are relevant to the allegations in their complaint.")

Defendants also fail to properly authenticate the documents included as Exhibits 6-10 and A-E. A party may not authenticate documents obtained from the Internet unless that party has "personal knowledge of who maintains the website, who authored the documents, or the accuracy of their contents." *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F.Supp.2d 1060, 1064 (C.D. Cal. 2002). *See also In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 782-83 (C.D. Cal. 2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required; for example, Homestore's web master or someone else with personal knowledge would be

5

sufficient.") Because they are not authenticated, the documents are not reasonably indisputably accurate and thus not properly the subject of judicial notice.

Dated: May 30, 2017                 SIMMONS HANLY CONROY LLC

By: _____
Deborah R. Rosenthal
Paul J. Hanly
Mitchell M. Breit
Attorneys for Plaintiff Pamela Caudle

# CERTIFICATE OF SERVICE

<u>*Pamela Caudle individually and on behalf of all others similar situated,*</u>

<u>*v. Gel Spice Co., Inc., et al.,*</u>

<u>**USDC Court Case No. 4:16-cv-07146**</u>

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 100 N. Sepulveda Boulevard, Suite 1350, El Segundo, California 90245.

On March 31, 2017, I served the following document:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND REQUEST TO STRIKE INADMISSIBLE EVIDENCE**

in this action by:

☒ By CM/ECF NOTICE OF ELECTRONIC FILING.

I electronically filed the document(s) with the Clerk of Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direct the service was made.

Executed on March 31, 2017, at El Segundo, California.

Tiffany Tumino