1  BLANK ROME LLP
   Jonathan A. Loeb (SBN 162758)
2  JLoeb@BlankRome.com
   Cheryl S. Chang (SBN 237098)
3  Chang@BlankRome.com
   Ghazal Tajmiri (SBN 265723)
4  GTajmiri@BlankRome.com
   2029 Century Park East, 6th Floor
5  Los Angeles, CA 90067
   Telephone:    424.239.3400
6  Facsimile:    424.239.3434

7  Attorneys for Defendants
   GEL SPICE CO., INC., and BIG LOTS STORES, INC.
8

9           **UNITED STATES DISTRICT COURT**

10      **FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

11

12  PAMELA CAUDLE, individually and on behalf of    Case No.  4:16-cv-07146-JSW
    all others similarly situated,                   [*Assigned to the Hon. Jeffrey S. White*]

13
                                                     Class Action
                        Plaintiff,
14                                                   **DEFENDANTS' REPLY IN SUPPORT
                                                     OF MOTION TO DISMISS
15       vs.                                         PLAINTIFF'S FIRST AMENDED
                                                     COMPLAINT**
    GEL SPICE CO., INC.; BIG LOTS STORES,
16  INC.; and DOES 1 THROUGH 10,                     [*Filed concurrently with Reply in Support of
                                                     Motion to Strike; and Reply in Support of
17                      Defendants.                  Request for Judicial Notice*]
18
                                                     Complaint Filed:      December 14, 2016
19                                                   First Amended Complaint Filed: April 3,
                                                     2017
20
                                                     Date:        July 21, 2017
21                                                   Time:        9:00 a.m.
                                                     Location:    Courtroom 5, 2nd Floor
22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT ................................................................................................v

II.     INTRODUCTION ..............................................................................................................1

III.    ARGUMENT .....................................................................................................................2

        A.      Plaintiff Fails to Rebut Defendants' Argument That Her Entire FAC Must Be
                Dismissed for Lack of Article III Standing................................................................2

        B.      Plaintiff's First Cause of Action for "Violations of the Magnuson-Moss
                Warranty Act ('MMWA')" Must Be Dismissed with Prejudice .................................3

        C.      Plaintiff's Second Cause of Action for Breach of Implied Warranties Must Be
                Dismissed with Prejudice............................................................................................3

                1.      By Falsely Claiming She Does Not Bring a Claim for Breach of
                        Implied Warranty of Fitness for a Particular Purpose, Plaintiff
                        Effectively Withdraws That Claim, and It Should Be Dismissed With
                        Prejudice ............................................................................................................3

                2.      Plaintiff's Argument That the Pre-Suit Notice Requirement for a
                        Breach of Implied Warranty of Merchantability Claim Does Not
                        Apply Here is Unpersuasive and That Claim Must be Dismissed with
                        Prejudice ............................................................................................................4

                3.      Plaintiff Is Not Excused from the Required Privity with Gel Spice for
                        Her Breach of Implied Warranty Claim and Amendment Would Be
                        Futile ...................................................................................................................6

        D.      Plaintiff Also Misstates Legal Standards Governing Her UCL Claims, Each of
                Which She Fails to Properly Allege, Compelling Dismissal with Prejudice................9

                1.      Plaintiff Concedes that She Fails to Meet the Statutory Standing
                        Requirement to Maintain Her UCL Claims Based on Alleged
                        Misrepresentations .............................................................................................9

                2.      Plaintiff's Attempt to Recast Her UCL Claims as Omission-Based Is
                        Unavailing as She Also Fails to Meet the Standing Requirement for a
                        UCL Claim on that Basis .....................................................................................9

                3.      Plaintiff Cannot Escape Her Clear Failure to Plead Her UCL Claims
                        with the Heightened Particularity Required by Rule 9(b) .............................10

                4.      Plaintiff's Bold Misrepresentations of Legal Standards Governing Her
                        Claim under the UCL's Fraudulent Prong Are Futile....................................12

                5.      Plaintiff Cannot Escape Her Clear Failure to Allege an Underlying
                        Violation under the UCL's Unlawful Prong....................................................13

                6.      Plaintiff Does Not Effectively Dispute the Failure of Her Allegations
                        under the UCL's Unfair Prong........................................................................15

IV.     CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaronson v. Vital Pharms, Inc.*,
  No. 09-CV-1333, 2010 WL 625337 ((S.D. Cal. Feb. 17, 2010)....................5

*In re Actimmune Mktg. Litig.*,
  No. C 08-02376 MHP, 2009 U.S. Dist. LEXIS 103408 (N.D. Cal. Nov. 6, 2009).v, 10, 12, 13, 14

*In re Anthem, Inc. Data Breach Litig.*,
  No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) ...................11

*Arcor, Inc. v. Textron, Inc.*,
  960 F.2d 710 (7th Cir. 1992) ..................................................6

*Washington v. Baenzinger*,
  673 F. Supp. 1478 (N.D. Cal. 1987) ...........................................11

*Berryman v. Merit Prop. Mgmt., Inc.*,
  152 Cal.App.4th 1544 (2007) ........................................v, 12, 13, 15

*Burr v. Sherwin Williams Co.*,
  42 Cal.2d 682 (1954) .........................................................7

*Cardinal Health 301, Inc. v. Tyco Elects. Corp.*,
  169 Cal.App.4th 116 (2008) ...................................................5

*In re Carrier IQ, Inc. Consumer Privacy Litig.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ......................................8, 9

*Clemens v. Daimler-Chrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .......................................v, 7, 8, 9

*Cortina v. Goya Foods, Inc.*,
  94 F. Supp. 3d 1174 (S.D. Cal. 2015) ......................................5, 6

*Davis v. Apperience Corp.*,
  No. C 14-00766 WHA, 2014 WL 5528232 (N.D. Cal. Oct. 31, 2014) ...............6

*Falk v. Gen. Motors Corp.*,
  496 F. Supp. 2d 1088 (N.D. Cal. 2007) .......................................10

*Fonseca v. Goya Foods Inc.*,
  No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016)........5, 11, 12

*Gitson v. Trader Joe's Co.*,
  2013 U.S. Dist. LEXIS 144917 (N.D. Cal. Oct. 4, 2013).......................14

*Gonzalez v. Mazda Motor Corp.*,
  Case No. 1-cv-02087-MMC, 2017 WL 345878 (N.D. Cal. Jan. 5, 2017)............8

*Greenman v. Yuba Power Prods.*,
  59 Cal.2d 57 (1963) ..........................................................5

*Hammock v. Nutramarks, Inc.*,
  No. 15cv2056 BTM (NLS), 2016 WL 4761784 (S.D. Cal. Sept. 12, 2016) .......v, 7

ii

*Hinojos v. Kohl's Corp.*,
    718 F.3d 1098 (9th Cir. 2013) ...................................................................................13

*Kirsopp v. Yamaha Motor Co. Ltd.*,
    Case No. CV 14-00496 BRO (VBKx), 2015 WL 11197829
    (C.D. Cal. Jan. 7, 2015) ...................................................................................8, 9

*Klein v. Duchess Sandwich Co.*,
    14 Cal.2d 272 (1939) ...................................................................................7

*Long v. Graco Children's Prods. Inc.*,
    No. 13-cv-01257-WHO, 2013 WL 4655763 (N.D. Cal. Aug. 26, 2013) ....................................8

*Mui Ho v. Toyota Motor Corp.*,
    931 F.Supp.2d 987 (N.D. Cal. 2013) ...................................................................................5

*Palmer v. Apple Inc.*,
    No. 5:15-CV-05808-RMW, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016)................v, 2, 3, 11, 13

*Peterson v. Mazda Motor of Am., Inc.*,
    44 F. Supp. 3d 965 (C.D. Cal. 2014) ...................................................................................15

*Pirozzi v. Apple*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) ...................................................................................3

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................................5

*In re Seagate Tech. LLC*,
    2017 WL 528398 (N.D. Cal. Feb. 9, 2017) ...................................................................................8

*Smith v. LG Elecs. U.S.A., Inc.*,
    No. C 13-4361, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014)...................................................................................v

*Swearingen v. Santa Cruz Nat., Inc.*,
    No. 13-cv-04291-SI, 2016 WL 4382544 (N.D. Cal. Aug. 17, 2016) ...............................v, 4, 5, 6

*In re Tobacco II*,
    46 Cal.4th 298 (2009) ...................................................................................13

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods.
    Liab. Litig.*,
    754 F. Supp. 2d 1145 (C.D. Cal. 2010) ...................................................................................5

*Trazo v. Nestle USA, Inc.*,
    Case No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534
    (N.D. Cal. Aug. 9, 2013)...................................................................................14

*Vaccarezza v. Sanguinetti*,
    71 Cal.App.2d 687 (1945) ...................................................................................7

*Viggiano v. Johnson & Johnson*,
    No. CV 14-07250 DMG, 2015 WL 12860480 (C.D. Cal. June 12, 2015) ....................................5

*Wolph v. Acer Am. Corp.*,
    No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681 (N.D. Cal. Sept. 14, 2009)........................3

**Statutes**

Cal. Com. Code § 2314.................................................................................................3

Cal. Com. Code § 2315.................................................................................................4

Cal. Com. Code § 2607(3)............................................................................................4

**Other Authorities**

U.S. Const., art. III................................................................................................v, 1, 2

21 C.F.R. § 101.3.......................................................................................................14

21 C.F.R. § 101.6(b)(2)..............................................................................................14

21 C.F.R. § 101.6(c)(2)...............................................................................................14

21 C.F.R. § 101.22......................................................................................................14

21 C.F.R. § 101.54(g).................................................................................................14

21. C.F.R. § 102.5................................................................................................14, 15

21 C.F.R. § 102.5(d)...................................................................................................14

21 C.F.R. § 131.200....................................................................................................14

Fed. R. Civ. Pro. 9(b)..........................................................................................v, 2, 10

# I.  **SUMMARY OF ARGUMENT**

Plaintiff's overreaching legal arguments and misrepresentations, in an Opposition brief which violates the Court's Local Rule limiting all briefs to 15 pages (*see* Civ. Standing Order ¶ 7), fail to rescue the FAC's fatally deficient allegations, and require dismissal with prejudice of all claims.  First, Plaintiff fails to rebut Defendants' arguments that the entire FAC must be dismissed for lack of Article III standing given her failure to allege any compensable injury or harm as a result of the recall of certain turmeric products.  *See Palmer v. Apple Inc.*, No. 5:15-CV-05808-RMW, 2016 WL 1535087, at *3 (N.D. Cal. Apr. 15, 2016).  Second, Plaintiff concedes that her MMWA claim fails if her claims for breach of implied warranties fail.  Third, Plaintiff's claims for breach of implied warranties fail because: (a) Plaintiff effectively withdraws that claim (*see* Dkt. 50 at n. 2)  and it should be dismissed with prejudice for the unopposed reasons cited in Defendants' Motion; (b) Plaintiff misrepresents case law regarding the pre-suit notice required for both Defendants (which Plaintiff did not provide) to maintain a claim of breach of implied warranty (*see Swearingen v. Santa Cruz Nat., Inc.*, No. 13-cv-04291-SI, 2016 WL 4382544 (N.D. Cal. Aug. 17, 2016)), and overstates the application of limited exceptions to the required privity with Gel Spice for such a claim (*see Clemens v. Daimler-Chrysler Corp.*, 534 F.3d 1017, 1023-24 (9th Cir. 2008) and *Hammock v. Nutramarks, Inc.*, No. 15cv2056 BTM (NLS), 2016 WL 4761784, at *5-6 (S.D. Cal. Sept. 12, 2016)).  Fourth, Plaintiff also misrepresents case law regarding the requirements for maintaining her UCL claims, each of which she fails to meet, including (a) the statutory standing requirement for individual claims under the UCL, whether the claims are based on misrepresentations or omissions (*see Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361, 2014 WL 989742, at *12 (N.D. Cal. Mar. 11, 2014); (b) the heightened particularity required under Fed. R. Civ. P. 9(b) for Plaintiff's allegations under each prong of the UCL (*see In re Actimmune Mktg. Litigation*, No. C 08-02376 MHP, 2009 U.S. Dist. LEXIS 103408 (N.D. Cal. Nov. 6, 2009); (c) the requirement to sufficiently allege fraud and reliance to maintain a claim under the UCL's fraudulent prong (*see Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007)); (d) the requirement to sufficiently allege an underlying violation to maintain a claim under the UCL's unlawful prong (*see id.* at 1554); and (e) the requirements for stating a claim under the UCL's unfair prong (*id.*).

## II.    **INTRODUCTION**

Plaintiff Pamela Caudle's Opposition to Defendants' Motion to Dismiss the FAC ("Motion") is riddled with overreaching legal arguments and misrepresentations about the allegations in the FAC. Despite her misleading attempts to stretch the FAC's conclusory legal assertions and limited factual allegations as sufficient to state claims, Plaintiff's allegations do not withstand scrutiny under well-established legal precedent.  Moreover, Plaintiff completely disregards the Court's Local Rules.  Most glaringly, in an apparent attempt to usurp an unfair advantage in this litigation Plaintiff blatantly violates the Court's requirement that "[a]ll briefs…not exceed fifteen pages in length,"[1] by filing a ***25-page opposition brief*** in response to Defendants' ***15-page Motion*** without seeking leave from the Court (which Defendants would have vigorously opposed).  *See* Dkt. 50.  While Defendants respond to Plaintiff's 25-page Opposition, and do so within the Court's 15-page limit, they respectfully request that, at a minimum, the Court strike and disregard the prohibited ***10 extra pages*** in Plaintiff's Opposition in the interests of fairness and justice.

Plaintiff's arguments in the Opposition fail to resuscitate the FAC's fatally deficient allegations, and require dismissal with prejudice of the entire FAC.  First, Plaintiff fails to rebut the argument that she lacks Article III standing because she does not allege any compensable injury or harm as a result of Defendants' alleged conduct.  Second, Plaintiff concedes that her MMWA claim is inextricably tied to her claims for breach of implied warranties and cannot survive if they fail.  Third, Plaintiff's claims for breach of implied warranties fail because: (a) contrary to her assertion in the Opposition, Plaintiff does raise a claim for breach of implied warranty of fitness for a particular purpose under California Commercial Code Section 2315 (*see, e.g.*, FAC ¶55); (b) Plaintiff effectively withdraws that claim (*see* Dkt. 50 at n. 2) and it should be dismissed with prejudice for the unopposed reasons in Defendants' Motion; and (c) Plaintiff misrepresents case law regarding the pre-suit notice required for both Defendants (which she did not provide) to maintain a claim of breach of implied

---

[1] Plaintiff also violates the Court's requirements that "[b]riefs exceeding ten pages in length must contain an additional one-page summary of argument," and that proposed orders "set forth…a short statement of the rationale of decision, including citation of authority."  Civ. Standing Order ¶¶7, 10. In addition, Plaintiff's brief is riddled with errors, including page numbers referenced in the table of authorities, various incorrect case citations, and a March 31, 2017 date on the proof of service for Opposition briefs filed on May 30, 2017.  *See generally* Dkt. 50; *see also* Dkts. 49 and 51.

warranty, and overstates the application of limited exceptions to the required privity with Gel Spice for such a claim. Fourth, Plaintiff also misrepresents case law regarding the requirements for maintaining her UCL claims, each of which she fails to meet, including (a) the statutory standing requirement for individual claims under the UCL, whether the claims are based on misrepresentations or omissions; (b) the heightened particularity required under Rule 9(b) of the Federal Rules of Civil Procedure for Plaintiff's allegations under each prong of the UCL; (c) the requirement to sufficiently allege fraud and reliance to maintain a claim under the UCL's fraudulent prong; (d) the requirement to sufficiently allege an underlying violation to maintain a claim under the UCL's unlawful prong; and (e) the requirements for stating a claim under the UCL's unfair prong. Given all this, and the futility of amendment as described herein, the Court should dismiss all of Plaintiff's claims with prejudice.

## III. **ARGUMENT**

### A. **Plaintiff Fails to Rebut Defendants' Argument That Her Entire FAC Must Be Dismissed for Lack of Article III Standing.**

As Defendants argue in their Motion, Plaintiff lacks Article III standing for any of her claims because she fails to allege specific material statements by either Defendant that she even *viewed*, let alone *relied on*, in her decision to purchase the products at issue and, thus, she cannot meet the causation element required for Article III standing. Dkt. 39 at 5. Plaintiff responds that she establishes causation because she alleges that she "would not have purchased Defendants' Turmeric Products had Defendants disclosed that they contained dangerous, toxic levels of lead." Dkt. 50 at 6. Plaintiff then concludes, with no citation to any authority, that "[n]o more is required to allege a concrete injury flowing from Defendants' breach of their warranty and their failure to disclose the contamination." *Id.* As the court in *Palmer* noted in response to similar allegations and assertions, "Plaintiff's arguments in support of standing miss the mark." 2016 WL 1535087, at *3.

Plaintiff simply fails to establish the causation element for Article III standing, whether her claims are based on alleged misrepresentations or fraudulent omissions. In *Palmer*, the court rejected plaintiff's assertion of standing for a misrepresentation claim when he had generally alleged viewing defendant's statements (which is more than Plaintiff has alleged here) but he did "not specify **which** specific advertisements or statements he personally saw." *Id.* (emphasis in original);

*see also Pirozzi v. Apple*, 913 F. Supp. 2d 840, 847 (N.D. Cal. 2012) (holding, based on plaintiff's "failure to allege…facts" about which statements were material to her decision to purchase, that "Plaintiff has not suffered an injury-in-fact that is caused by the complained of conduct"). *Palmer* also found plaintiff's assertion of standing for an omission claim unpersuasive, because "[e]ven if the court were to ignore the complaint's recitation of 'misrepresentations' and limited plaintiff's allegations to 'omissions,' as described below, plaintiff has failed to allege any actionable omissions because plaintiff has not alleged a basis for a duty to disclose." 2016 WL 1535087, at *3; *see also Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681, at *11 (N.D. Cal. Sept. 14, 2009) ("To state a claim for fraud based on nondisclosure, [p]laintiffs must allege '(1) the defendant failed to disclose a material fact which he knew or believed to be true; and (2) the defendant had a duty to disclose that fact.'"). Thus, Plaintiff fails to trace her purported injury to any challenged conduct of Defendants, and the entire FAC must be dismissed for lack of standing.[2]

**B.**     **Plaintiff's First Cause of Action for "Violations of the Magnuson-Moss Warranty Act ('MMWA')" Must Be Dismissed with Prejudice.**

Plaintiff concedes that if she fails to maintain a viable claim of implied warranty under applicable state law, then her MMWA claim will also fail as a matter of law. *See* Dkt. 50 at 14. As explained below, Plaintiff does not, and cannot, state a viable cause of action for breach of implied warranty under California law. Thus, her MMWA claim must be dismissed without leave to amend.

**C.**     **Plaintiff's Second Cause of Action for Breach of Implied Warranties Must Be Dismissed with Prejudice.**

1.     Plaintiff Effectively Withdraws Her Breach of Implied Warranty of Fitness for a Particular Purpose, and It Should Be Dismissed With Prejudice.

Plaintiff blatantly misrepresents in her Opposition that "[h]er California implied warranty claim is brought only under Cal. Com. Code § 2314 for breach of the implied warranty of merchantability." Dkt. 50 at 7, n. 2. In fact, Plaintiff asserts in the FAC that "Defendants' conduct breached their implied warranties regarding their products under California Commercial Code § 2314 *and § 2315*." FAC ¶55 (emphasis added). In their instant Motion (as well as their previous motion to

---

[2] The few facts Plaintiff does plead tend to show that there was *no* fraudulent nondisclosure or omission by Defendants. *Compare generally* FAC (no allegation that Defendants knew about the potential lead contamination prior to the recall or the alleged purchases) *with* FAC ¶¶3-4 (alleging Gel Spice recalled certain turmeric products after discovering they may contain elevated lead levels).

dismiss the Complaint), Defendants identified Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose under Cal. Comm. Code § 2315 and cited the paragraph in the Plaintiff's corresponding pleading in which she raises this claim. Dkt. 39 at 6. Defendants also raised this issue in their original motion to dismiss filed on February 10, 2017. *See* Dkt. 17 at 7-8. Yet Plaintiff did not drop the frivolous claim from the FAC before filing it, and now falsely argues that she "does not seek to assert such a claim." Dkt. 50 at n. 2. Plaintiff fails to state a claim for breach of the implied warranty of fitness and amendment would be futile, so it must be dismissed with prejudice.

2. <u>Contrary to Plaintiff's Argument, Pre-Suit Notice Is Required Here and Plaintiff's Failure to Provide It Requires Dismissal with Prejudice.</u>

Plaintiff does not dispute that she has ***not*** provided pre-suit notice of her breach of implied warranty claims to Defendants. *See generally* Dkt. 50. Instead, she argues that such notice is not required in this case. Again, Plaintiff's assertion is wrong. Pre-suit notice to manufacturers is required for implied warranty claims. *Swearingen*, 2016 WL 4382544, at *11. Plaintiff misrepresents the *Swearingen* case, which is directly on point, and erroneously relies on a line of inapplicable cases as purported support for her argument. *See* Dkt. 50 at 8-9.

As an initial matter, there is no need for the Court to look to cases from other districts or to analogize from rules for different causes of action (such as breach of express warranty) when *Swearingen*, a recent Northern District case, is directly on point. *See* 2016 WL 4382544, at *11. Unable to distinguish *Swearingen*'s clear holding, Plaintiff downplays its relevance by boldly misrepresenting the case as one where "the district court merely rejected the plaintiff's argument that the filing of the pending lawsuit constitutes the requisite notice." Dkt. 50 at 8. Yet the "mere rejection" Plaintiff refers to is *Swearingen*'s unambiguous ***dismissal with prejudice of the consumer plaintiff's breach of implied warranty claim against the manufacturer defendant because of plaintiff's incurable failure to provide the requisite pre-suit notice*** to that manufacturer defendant under Cal. Comm. Code Section 2607(3). 2016 WL 4382544, at *11. The same result is warranted here.

Moreover, the cases relied on by Plaintiff in an attempt to overcome her failure to provide the requisite notice to Gel Spice are distinguishable and inapposite here, largely because they only discuss the exception to the notice requirement in the context of express warranties, rather than implied

warranties.  *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods Liab. Litig.*, 754 F. Supp. 2d 1145, 1180 (C.D. Cal. 2010) (addressing exception to notice requirement only in the context of *express* warranties); *Viggiano v. Johnson & Johnson*, No. CV 14-07250 DMG (MRWx), 2015 WL 12860480, at *4-5 (C.D. Cal. June 12, 2015) (same); *Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *6-7 (N.D. Cal. Sept. 8, 2016) (same); *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 994-95 (N.D. Cal. 2013) (same); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 988-89 (N.D. Cal. 2009) (same).[3]  In addition, those cases rely heavily on *Greenman v. Yuba Power Prods.*, 59 Cal.2d 57 (1963), where the California Supreme Court held that an *injured* consumer could sue a manufacturer for breach of *express* warranty even if the injured consumer had not given timely statutory notice to the manufacturer.  *Id.* at 61-62.[4]  Given that Plaintiff does not allege any personal injuries, the policy behind this exception for express warranty claims does not apply here.  *See id.*  Thus, the Court should not expand the limited exception from *Greenman* for express warranty claims by ***injured*** consumers to apply to the implied warranty claim for the alleged economic harm here.

Next, Plaintiff's argument that she is not required to provide notice to Defendants because they already had "notice" due to Gel Spice's voluntary recall is unsupported, and unpersuasive.  *See* Dkt. 50 at 9-10.  Plaintiff cites only two cases as purported support for this argument, and neither of them provide it.  Plaintiff relies on the first case, *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008), for general propositions about some of the policy reasons behind the

---

[3] While the court in *one* of Plaintiff's cited cases, *Aaronson v. Vital Pharms., Inc.*, No. 09-CV-1333 W(CAB), 2010 WL 625337, at *5 (S.D. Cal. Feb. 17, 2010), concluded that the statutory notice requirement for an implied warranty claim did not apply against a manufacturer defendant, that case has limited, if any, persuasive value here as (1) it was decided in the Southern District six years prior to *Swearingen*; (2) the court relied on *Greenman*, which is distinguishable here; and (3) a more recent case from the Southern District reached the opposite conclusion in an analogous context, applying the notice requirement to consumers suing a manufacturer and dismissing their breach of express warranty claim *with prejudice* due to their failure to provide the requisite notice to the manufacturer (*see Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1195-96 (S.D. Cal. 2015)).

[4] In describing the basis for this limited ruling, the court in *Greenman* noted: "As between the immediate parties to the sale [the notice requirement] is a sound commercial rule, designed to protect the seller against unduly delayed claims…***As applied to personal injuries***, and notice to a remote seller, it becomes a booby-trap for the unwary.  The ***injured*** consumer is seldom 'steeped in the business practice which justifies the rule…'"  *Id.* at 61 (citation omitted; emphasis added).

5

statutory pre-suit notice requirement. Dkt. 50 at 9.[5] These undisputed policy reasons *support* application of the pre-suit notice requirement here.

Plaintiff relies on the second case as purported support for the broad assertion that "[w]here a defendant responsible for placing defective and dangerous products on the market had knowledge of the problem before a plaintiff had a reasonable opportunity to provide notice, the purpose and policy interests served by California's pre-suit notice requirement have been met." Dkt. 50 at 9-10. Yet Plaintiff concedes that "no California case" supports this argument and cites a Seventh Circuit decision applying Illinois law as purported support for it. *Id.* at 10 (quoting *Arcor, Inc. v. Textron, Inc.*, 960 F.2d 710, 715 (7th Cir. 1992)). Aside from the obvious fact that neither Seventh Circuit nor Illinois law governs here, Plaintiff once again overreaches by misrepresenting case law. In *Arcor*, the court found that "the defendants clearly had actual knowledge" of the alleged defect vis-a-vis the ***plaintiff*** in that case, and not just the product. 960 F.2d at 715. Thus, *Arcor* is not even persuasive authority as its rationale does not apply here. Plaintiff's argument is preposterous and underscores why California courts are generally "unwilling to dispense with the notice required…and unwilling to invite extensive satellite litigation into futility and/or actual knowledge." *See Davis v. Apperience Corp.*, No. C 14-00766 WHA, 2014 WL 5528232 (N.D. Cal. Oct. 31, 2014) (expressly noting and rejecting Illinois law's recognition of an 'actual knowledge' exception to the notice requirement).[6] Thus, Plaintiff's breach of implied warranty claim must be dismissed with prejudice due to her incurable failure to provide the requisite pre-suit notice. *See Swearingen*, 2016 WL 4382544, at *11.

3. <u>Plaintiff Is Not Excused from the Required Privity with Gel Spice for Her Breach of Implied Warranty Claim and Amendment Would Be Futile.</u>

---

[5] Noting the notice requirement "is designed to allow the seller the opportunity to repair the defective item, reduce damages, avoid defective products in the future, and negotiate settlements.…[it] also informs the seller of the need to preserve evidence and to be prepared to defend against the suit, and protects against stale claims."

[6] The natural consequence of Plaintiff's absurd argument here is that any consumer can purchase an item subject to a recall and rush to court without pre-suit notice to defendant. This defeats the undisputed policy of providing defendant a pre-suit opportunity to repair the item, reduce damages, or negotiate a settlement, and would cause a dramatic change in policy without any legal support. *See also Cortina*, 94 F. Supp. 3d at 1196 ("The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court. This purpose would be completely undermined if it could be satisfied with…post-suit notice.").

Plaintiff's argument that she is excused from the privity requirement to maintain a breach of implied warranty claim against Gel Spice is unavailing because she fails to allege facts sufficient to assert either the foodstuff exception or the purported third-party beneficiary exception.[7]  First, as clearly held in *Hammock*, where "Plaintiffs were not physically injured by the Products, the [foodstuffs] exception does not apply." 2016 WL 4761784, at *5.  Plaintiff claims that "[t]he issue in *Hammock* was not merely that the plaintiff did not become ill, but that the product was not unsuitable for consumption." Dkt. 50 at 13.  That is incorrect.  *Hammock* clearly noted that the issue it was deciding was "whether or not the Products must have injured the Plaintiffs in order for the [foodstuff] exception…to apply." 2016 WL 4761784, at *5.  Noting that plaintiffs were "not alleging that the Products made them sick" and that they had "sufficient recourse under consumer protection laws to hold Defendants liable for Products that are allegedly ineffective," the court concluded "the policy behind California's exception for foodstuffs should not apply in this case." *Id.* at *5-6 (granting motion to dismiss claim for breach of implied warranty of merchantability).[8] As in *Hammock*, Plaintiff does not allege that the products made her sick, does not allege nor seek damages for any physical injuries, and has sufficient recourse under consumer protection laws for her alleged economic injuries.[9]

Second, Plaintiff misrepresents Ninth Circuit law regarding the purported third-party beneficiary exception to privity by quoting *Clemens'* statement that "particularized exceptions to the rule exist," then immediately asserting the purported third-party beneficiary exception and citing district court cases applying such an exception.  *See* Dkt. 50 at 11.  However, *Clemens* explicitly recognized only a few limited exceptions to privity, which did not include a third-party beneficiary exception, and "declined [the] invitation to create a new exception." 534 F.3d at 1023-24 (dismissing

---

[7] By not addressing it in the Opposition, Plaintiff concedes that the dangerous instrumentality exception to the privity requirement does not apply.

[8] As noted herein, while the court in *Hammock* did also note that the products at issue there were fit for human consumption, the court's holding was not based on that lone factor.

[9] Plaintiff's reliance on the decades-old *Vaccarezza* and *Klein* cases is unavailing as both of them are distinguishable from *Hammock* and the present case because they involved physical injuries to plaintiffs.  *See Vaccarezza v. Sanguinetti*, 71 Cal.App.2d 687, 689 (1945) (physical injuries from bad sausage); *Klein v. Duchess Sandwich Co.*, 14 Cal.2d 272, 283 (1939) (physical injuries from rotten sandwich).  Plaintiff's citation to *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695 (1954), is also unavailing as that case involved application of the pesticides exception, not foodstuffs.

implied warranty claim for lack of privity after noting "state courts have split on this privity question" but "[n]onetheless, California courts have painstakingly established the scope of the privity requirement…and a federal court sitting in diversity is not free to create new exceptions to it").[10]

Third, even if the Ninth Circuit did recognize a third-party beneficiary exception to privity, Plaintiff's FAC simply does not allege facts sufficient to state such an exception. Seeing the fatal weakness of her allegations, Plaintiff misrepresents them in her Opposition as alleging "that she was an intended consumer and third-party beneficiary of the agreement between Gel Spice and Big Lots to sell Gel Spice's turmeric products." Dkt. 50 at 12 (citing FAC ¶40). However, the FAC's *actual* allegations are quite different than the purported version in her Opposition. FAC ¶40 (only vaguely asserting that Plaintiff is an "intended third-party beneficiar[y] of contracts between Defendants and their third-party manufacturers, and specifically, of Defendants' implied warranties. Defendants' warranty agreements were designed for and intended to benefit the Class"). These conclusory allegations of legal conclusions about vague contracts between Defendants (including Gel Spice), on the one hand, and "their *third-party manufacturers* [whoever they may be]," on the other hand (*id.* (emphasis added)), are woefully inadequate to state a plausible third-party beneficiary exception. *See In re Carrier IQ, Inc. Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1105-1106 (N.D. Cal. 2015) (rejecting plaintiff's conclusory assertion of third-party beneficiary status and dismissing implied warranty of merchantability claim for lack of privity between plaintiff and manufacturer defendant).

_____

[10] While district courts have disagreed as to whether California recognizes a third-party beneficiary exception to privity, several (including recent Northern District cases) have held that it does not. *See, e.g.*, *In re Seagate Tech. LLC*, 2017 WL 528398, at *7-8 (N.D. Cal. Feb. 9, 2017) (dismissing implied warranty claim after noting "no published decision of a California court has applied this [exception] in the context of a consumer claim against a product manufacturer… [while] federal district courts have reached different conclusions, the Court holds that such an approach would be inconsistent with the Ninth Circuit authority [of *Clemens*]"); *Gonzalez v. Mazda Motor Corp.*, 2017 WL 345878, at *3-4 (N.D. Cal. Jan. 5, 2017) (dismissing implied warranty claim after noting divided rulings among district courts because "the Court is persuaded by the reasoning of those cases that have *declined to extend* the list of exceptions to encompass asserted third-party beneficiaries"); *see also Kirsopp v. Yamaha Motor Co. Ltd.*, 2015 WL 11197829, at *6 (C.D. Cal. Jan. 7, 2015) ("the Court is not persuaded that the third-party-beneficiary exception necessarily remains viable in California following *Clemens*"); *Long v. Graco Children's Prods. Inc.*, No. 13-cv-01257-WHO, 2013 WL 4655763, at *12 (N.D. Cal. Aug. 26, 2013) (holding "district court cases that allegedly allowed a third-party beneficiary exception…are not binding on the Court whereas *Clemens* is").

Like *In re Carrier IQ*, Plaintiff has "failed to allege the facts of the underlying putative contracts for which [she] contend[s] [she is an] intended third-party beneficiar[y]." *Id.* at 1106; *see also Kirsopp*, 2015 WL 11197829, at *6-7 (dismissing implied warranty claims **with prejudice** because "**even assuming such an exception does apply…Plaintiffs have failed to plead…'specific allegations** identifying or describing the agreements under which Plaintiffs claim third party beneficiary status'"). Thus, Plaintiff's breach of implied warranty claim against Gel Spice must also be dismissed with prejudice for the independent reason that she lacks the requisite privity.

### D. Plaintiff Also Misstates Legal Standards Governing Her UCL Claims, Each of Which She Fails to Properly Allege, Compelling Dismissal with Prejudice.

#### 1. Plaintiff Concedes that She Fails to Meet the Statutory Standing Requirement to Maintain Her UCL Claims Based on Alleged Misrepresentations.

As Defendants explain in their Motion, Plaintiff does not have standing to maintain a UCL claim because she fails to plead any facts establishing a causal connection between any alleged misrepresentation by Defendants and any alleged injury to Plaintiff. *See* Dkt. 39 at 9-10. Plaintiff concedes this issue by not opposing any of Defendants' arguments, and only responding: "This is of no moment, however, because Plaintiff **does** clearly allege reliance on Defendants' *omissions*." Dkt. 50 at 15 (first emphasis added). Accordingly, Plaintiff's misrepresentation-based UCL claims must be dismissed with prejudice. *See* Dkt. 39 at 9-10.

#### 2. Plaintiff's Attempt to Recast Her UCL Claims as Omission-Based Is Unavailing as She Also Fails to Meet the Standing Requirement on that Basis.

Despite her numerous allegations throughout the FAC regarding Defendants' alleged misrepresentations,[11] Plaintiff argues that her UCL claims are actually based on alleged omissions and nondisclosures.[12] Dkt. 50 at 15-16.[13] As Defendants noted in the Motion, to the extent Plaintiff attempts to rely on a nondisclosure theory of fraud, that claim also fails for lack of the requisite

---

[11] *See*, *e.g.*, FAC ¶¶1, 19, 26-27, 48-49, 51, 65-66.

[12] Indeed, even in her Opposition, Plaintiff continues to indicate that her UCL claims are based on alleged misrepresentations by Defendants. *See*, *e.g.*, Dkt. 50 at 17 (asserting that "Defendants deceptively marketed all the identified products in substantially the same way…").

[13] As noted *supra*, Plaintiff blatantly disregards the Court's order that "briefs…not exceed fifteen pages," usurping an unfair advantage for herself by filing a **25-page** Opposition brief to Defendants' Motion. While Defendants respond to Plaintiff's 25-page Opposition, they maintain their request that the Court disregard and strike pages 16-25 from it in the interests of fairness and justice.

statutory standing because she does not allege any fraudulent omission or nondisclosure by Defendants. *See* Dkt. 38 at n. 6[14]; *see also* Part III.A. *supra*.

### 3. Plaintiff Cannot Escape Her Clear Failure to Plead Her UCL Claims with the Heightened Particularity Required by Rule 9(b).

Plaintiff again largely ignores the bulk of Defendants' arguments establishing her failure to plead each one of her UCL claims with heightened particularity as required under Rule 9(b). *See* Dkt. 39 at 10-12. First, as explained in Defendants' Motion, Plaintiff's claims under each prong of the UCL sound in fraud and, thus, are subject to the heightened pleading requirements of Rule 9(b). Dkt. 39 at 11-12. Plaintiff does not attempt to rebut this argument, and she only addresses the application of Rule 9(b)'s heightened pleading requirement with respect to her claim under the fraudulent prong of the UCL. *See* Dkt. 50 at 17-19. Yet, the cases on which Plaintiff relies in her Opposition further support Defendants' position on this issue. *See*, *e.g.*, *In re Actimmune*, 2009 U.S. Dist. LEXIS 103408 at *43-46 (applying Rule 9(b) to fraud-based claims under UCL's unfair and unlawful prongs and dismissing the claims for failure to satisfy the heightened pleading standard).

Second, while Plaintiff argues that her fraud allegations meet Rule 9(b)'s requirements, the relevant cases clearly indicate otherwise. Indeed, even Plaintiff's recasting of her claim as one for nondisclosure or omission, rather than misrepresentation, does not fix the insufficiency of her allegations. *See* Part III.A., *supra*. This is further demonstrated by the very cases Plaintiff cites in support of her arguments. For example, Plaintiff relies on *Falk v. Gen. Motors Corp.* for the proposition that "a plaintiff in a fraudulent concealment suit will 'not be able to specify the time place, and specific content of an omission as precisely as would a plaintiff in a false representation claim.'" Dkt. 50 at 18 (quoting 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007)). But, as *Falk* goes on to explain, such a plaintiff still has to "allege sufficient facts that, if taken as true, suggest that [defendant] had a duty to disclose information about" the alleged defective products. 496 F. Supp. 2d at 1099. In fact, *Falk* denied the motion to dismiss under Rule 9(b) *only after* specifically finding plaintiffs "allege[d] facts that show that defendant actively concealed and failed to disclose material

---

[14] Noting Plaintiff "has alleged no facts – as opposed to mere conclusory assertions – that defendants were aware of or had any reason to know of the [issue complained of] at the time of sale, which is a requirement under the UCL."

facts that were in its exclusive knowledge" *and* that plaintiffs pleaded "facts that demonstrate

[defendant] knew about the alleged defects, yet did nothing to fix them or to alert customers." *Id.*

As noted above, not only does Plaintiff fail to allege facts showing the elements of fraud by

omission, but she actually alleges facts showing that Defendants acted to fix the issue and alert

customers by issuing recalls after learning about the potential contamination. *See* FAC ¶¶3-4.

Similarly, Plaintiff's reliance on *Washington v. Baenzinger* is also misplaced as the plaintiff there

had "added dates to the allegations of fraud, and provided greater specificity to the alleged

fraudulent acts of each defendant or group of defendants," thereby making the allegations "particular

enough to put the defendants on notice of the allegations of fraud against them." 673 F. Supp. 1478,

1482 (N.D. Cal. 1987). In contrast, Plaintiff does not provide any dates for the alleged omissions or

even her alleged purchases, and her vague allegations do not put Defendants on notice of the fraud

allegations against them.[15]

After cherry-picking citations from the cases above, none of which actually support her

position, Plaintiff then concludes that the FAC "sufficiently alleges the 'who, what, when, where,

and how' of Defendants' misrepresentations and nondisclosures." Dkt. 50 at 19. This is simply

incorrect. *See* Dkt. 39 at 11-12 (explaining Plaintiff's failure to sufficiently allege the who, what,

when, where, and how). Plaintiff also fails to sufficiently allege the "where" because, in the FAC,

she does not identify any examples of where the information allegedly omitted should have been

disclosed. *See Palmer*, 2016 WL 1535087, at *5 (noting plaintiffs alleging an omission should plead

the content of the omission and where it ought to have been disclosed);[16] *see also Fonseca*, 2016 WL

---

[15] *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016), also does not support Plaintiff's position because, as noted above, she fails to allege necessary elements for fraud by omission. *See* Part III.D.2, *supra*. The *Palmer* case also does not support Plaintiff because her allegations do not meet the standard articulated there either, namely that "[t]o be actionable under…the UCL, an omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." 2016 WL 1535087, at *5. Plaintiff does not allege any facts showing either type of omission in the FAC.
[16] Plaintiff's misleading attempt to allege the "where" in her Opposition fails because that allegation does not appear anywhere in the FAC (and the purported quote from the label is not legible on the photo in the FAC at ¶3). Plaintiff's weak attempt to identify the "when" in her Opposition also fails as even the vague "in approximately 2015 and/or 2016" time frame asserted is only related to when

4698942, at *9 (dismissing fraud claims "suffer[ing] from critical flaw" where plaintiff did "not specify when [she] saw alleged misrepresentations [or] when [she] purchased the products").[17]

### 4. Plaintiff's Bold Misrepresentations of Legal Standards Governing Her Claim under the UCL's Fraudulent Prong Are Futile.

Plaintiff brazenly misconstrues and misrepresents nearly each one of the cases that she quotes and cites as purported support for her arguments in Part IV.B.2 of her Opposition brief, when in fact, they actually squarely support Defendants' position. *See* Dkt. 50 at 20-21. Plaintiff concedes that for a UCL fraud claim based on nondisclosure, she "must establish that the defendant had a duty to disclose those facts." *Id.* at 20 (citing *Berryman*, 152 Cal.App.4th at 1557). But she then attempts to deflect attention away from her failure to allege any affirmative duty to disclose on the part of Defendants by arguing that "[w]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id.* This is completely irrelevant. As the *Berryman* court noted in response to a similar argument under the unfair prong of the UCL:

> such a statement does not "mean that a special rule applies to demurrers in cases under the UCL. It simply reflects the general rule that questions of fact…cannot be decided on demurrer. If, however, as here, the facts as pled would not state a claim even if they were true, the demurrer may be sustained. The facts pled here do not state a claim that as a result of any wrongful conduct by [defendant], plaintiffs suffered…injury.

*Berryman*, 152 Cal.App.4th at 1556 (affirming lower court's dismissal with prejudice of UCL claims). The same reasoning applies here to Plaintiff's insufficient allegations under the fraudulent prong of the UCL. It is well established that a court cannot "find that a failure to disclose a fact one has no affirmative duty to disclose is 'likely to deceive' anyone within the meaning of the UCL." *Berryman*, 152 Cal.App.4th at 1557 (affirming lower court's dismissal with prejudice of claim under fraudulent prong of UCL) (citation omitted). Plaintiff also flagrantly misrepresents *Actimmune*, 2009 U.S. Dist. LEXIS 103408, at *25, by only providing an out-of-context partial quote from the

---

[17] Defendants allegedly "sold the adulterated products" to *anyone*, not Plaintiff. Dkt. 50 at 19 (citing to FAC ¶¶2-5, 10, which do not provide specific dates of purchase by Plaintiff).

[17] Indeed, Plaintiff's claim of omission also fails as a matter of logic because it seems to suggest that Defendants' alleged violation is not warning about the product's potential contamination while still offering it for sale. ***Yet, once Defendants had knowledge of the product's potential contamination, they stopped offering it for sale (as demonstrated by their recalls of the products)***. FAC ¶¶3-4.

case which completely misstates the law by misrepresenting the ultimate analysis and holding in that case. *See* Dkt. 50 at 20.[18] As demonstrated by the full quote and analysis from *Actimmune* in note 18 herein, Plaintiff's allegations ***obviously*** do not justify excusing the individualized reliance requirement here and Plaintiff's argument for that is just frivolous.[19] Plaintiff plainly fails to allege a claim under the UCL's fraudulent prong and her claim must be dismissed with prejudice.

     5.   <u>Plaintiff Cannot Escape Her Clear Failure to Allege an Underlying Violation under the UCL's Unlawful Prong</u>.

Plaintiff's arguments that she has sufficiently stated a claim under the "unlawful" prong of the UCL are unavailing and only highlight the glaring deficiencies of her allegations in the FAC. Plaintiff misrepresents well-established law and conveniently ignores the fact that she only lists broad statutes in the FAC, merely alleging in conclusory fashion that Defendants have violated those statutes wholesale without identifying any specific provisions that Plaintiff claims have been violated or alleging any facts showing specific violations. *See* FAC ¶63; Dkt. 39 at 13. Indeed, like the plaintiff in *Berryman*, Plaintiff here only "provides a laundry list of state and federal statutes [defendant] allegedly violated" and "[w]hile purporting to incorporate its factual allegations by reference, [plaintiff] nonetheless fails to plead facts to support its allegations." 152 Cal.App.4th at 1554 (affirming lower court's dismissal with prejudice of claim under UCL's unlawful prong due to plaintiff's insufficient allegations); *see also* FAC ¶63. This "doom[s]" Plaintiff's claim under the unlawful prong of the UCL. *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1132 (E.D. Cal.

---

[18] After the partial quote from *Actimmune*, 2009 U.S. Dist. LEXIS 103408 at *25, Plaintiff omits the court's next sentence, where it recognized that the individualized reliance requirement can be excused "where…a plaintiff alleges exposure to [an extensive and] long-term advertising campaign." *Id.* at *26 (quoting *In re Tobacco II*, 46 Cal.4th 298, 327 (2009)); *see also id.* *40-41 (***declining to apply the limited Tobacco II exception to the individualized reliance requirement in that case, noting that "plaintiffs have not alleged that defendants' marketing campaign was an 'extensive and long-term advertising campaign…Certainly, defendants' seven year effort to market Actimmune…pales in comparison to the decades-long, national, ubiquitous advertising campaigns embarked upon by cigarette manufacturers***") (citing *Tobacco II* at 327-28).

[19] Plaintiff also misrepresents *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013), by citing it in support of a relaxed pleading standard for standing under the UCL's fraudulent prong. *Compare* Dkt. 50 at 20 *with Palmer*, 2016 WL 1535087, at *4 (noting *Hinojos* "involved whether [plaintiff] had 'lost money or property'…not whether the defendant's alleged misrepresentations caused his injury" and finding it inapplicable to the "questions for standing [of] causation and redressability").

13

2010) (finding plaintiff's claim "doomed with failure to allege specific violations"); *see also In re Actimmune*, 2009 U.S. Dist. LEXIS 103408, at *45-46 (dismissing claims under UCL's unlawful prong because "nowhere in their complaint do plaintiffs mention any specific sections of the…regulations that defendants violated, let alone the elements necessary to prove such violations").

Even the cases cited by Plaintiff as purported support for her position demonstrate the fatal insufficiency of her allegations. *See*, *e.g.*, *Trazo v. Nestle USA, Inc.*, 2013 U.S. Dist. LEXIS 113534, at *28 (N.D. Cal. Aug. 9, 2013) (noting that "Plaintiffs must allege plausible facts supporting a finding that [defendant] violated the Sherman Law. Merely stating that [defendant] violated the Sherman Law is not enough"). In *Trazo*, the court analyzed plaintiff's asserted violations of the Sherman Law individually, finding some of plaintiff's allegations sufficient for the violation the plaintiff there asserted under specifically identified subsections of the federal regulations under the Sherman Law. *See id.* at *28-33 (analyzing plaintiff's alleged violations under 21 C.F.R. §§ 101.6(c)(2), 101.6(b)(2), 102.5(d), 101.22, 101.54(g), and so on). Even with specific subsections of the underlying law identified by plaintiff, *Trazo* found some of plaintiff's allegations insufficient to state a violation of the UCL's unlawful prong "[b]ecause the court may not accept threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at *29. Similarly, in *Gitson*, the plaintiff did not allege violation of the Sherman Law wholesale, but identified specific subsections that they alleged defendants violated. *Gitson v. Trader Joe's Co.*, 2013 U.S. Dist. LEXIS 144917, *30-32 (N.D. Cal. Oct. 4, 2013) (analyzing sufficiency of plaintiffs' allegations regarding violation of specific subjections cited by plaintiffs, including 21 C.F.R. §§ 131.200, 101.3, and 102.5). Yet the Court here cannot even begin to undertake the necessary analysis of the sufficiency of the factual allegations of underlying violations because ***Plaintiff does not specify any underlying violations***.[20] Thus, the Court must also dismiss this claim with prejudice for failure to allege an underlying violation.

---

[20] Plaintiff effectively concedes the insufficiency of her "unlawful" allegations by identifying, for the first time, in her Opposition, a few specific laws under the Sherman Law and the FDCA. *See* Dkt. 50 at 21-22. This last ditch half-hearted attempt to cite to a few specific underlying laws in her Opposition brief does not save Plaintiff's inadequate pleadings in the FAC. Moreover, even if these specific underlying violations were included in the FAC, Plaintiff's factual allegations about them are still insufficient to state a claim under the UCL's unlawful prong because she does not allege any reliance on the alleged underlying violation. *See* Dkt. 39 at 13.

6.    <u>Plaintiff Does Not Effectively Dispute the Failure of Her Allegations under the UCL's Unfair Prong.</u>

Despite the oversized Opposition brief, Plaintiff hardly even responds to Defendants' arguments regarding the fatal insufficiency of her allegations under the unfair prong of the UCL. *See* Dkt. 50 at 23. In support of her conclusory assertion that she has sufficiently stated a claim, Plaintiff relies on *Backus v. General Mills, Inc.* for the proposition that courts apply a variety of tests to determine the sufficiency of allegations under the unfair prong and that courts "generally" decline to grant motions to dismiss an unfair prong claim *under the balancing test* "because the test involves weighing evidence that is not yet properly before the court." *Id.* (citing 122 F. Supp. 3d 909, 929 (2015)). However, *Backus* also recognized that this "general" practice only applies where plaintiffs plead sufficient allegations that courts can "tak[e]…as true" at the motion to dismiss stage. *See* 122 F. Supp. 3d at 929 (citing *Peterson v. Mazda Motor of Am., Inc.*, 44 F. Supp. 3d 965 (C.D. Cal. 2014)). Thus, as Defendants previously explained, this merely "reflects the general rule that questions of fact…cannot be decided on demurrer," and courts do in fact dismiss such claims where plaintiffs do not plead sufficient facts to state a claim under the UCL's unfair prong. *See* Part III.E.4 *supra* (citing *Berryman*, 152 Cal.App.4th at 1556 (affirming lower court's dismissal with prejudice of claim under unfair prong of UCL)). As Defendants established in the Motion, Plaintiff fails to state a claim under *any* of the possible standards. *See* Dkt. 39 at 14-15. Indeed, there is nothing unfair about the factual allegations in the FAC, which show that Defendants responded swiftly and responsibly by issuing a recall of certain products after potential contamination was brought to their attention. Thus, the Court must dismiss Plaintiff's claim under the unfair prong with prejudice for this reason as well.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's FAC in its entirety, with prejudice.[21]

---

[21] As noted throughout this brief, dismissal with prejudice of all of Plaintiff's claims is appropriate as amendment would be futile. This is further demonstrated by the facts Plaintiff proposes to add in an amended complaint (*see* Dkt. 50 at 24), as none of them would resolve the fatal deficiencies here.

DATED: June 27, 2017

BLANK ROME LLP

By:  /s/ Jonathan Loeb
     Jonathan Loeb
     Cheryl S. Chang
     Ghazal Tajmiri
Attorneys for Defendants
GEL SPICE CO., INC., and BIG LOTS STORES, INC.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC – 4:16-CV-07146-JSW