BLANK ROME LLP
Jonathan A. Loeb (SBN 162758)
JLoeb@BlankRome.com
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Ghazal Tajmiri (SBN 265723)
GTajmiri@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:     424.239.3400
Facsimile:     424.239.3434

Attorneys for Defendants
GEL SPICE CO., INC. and BIG LOTS STORES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| PAMELA CAUDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEL SPICE CO., INC.; BIG LOTS STORES, INC.; and DOES 1 THROUGH 10, inclusive<br><br>Defendants. | Case No.  4:16-cv-07146-JSW<br>[*Assigned to the Hon. Jeffrey S. White*]<br><br>Class Action<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>[*Filed concurrently with Reply in Support of Motion to Dismiss; and Reply in Support of Request for Judicial Notice*]<br><br>Complaint Filed:      December 14, 2016<br>First Amended Complaint Filed: April 3, 2017<br><br>Date:         July 21, 2017<br>Time:         9:00 a.m.<br>Location:      Courtroom 5, 2nd Floor |

# TABLE OF CONTENTS

Page

I.   SUMMARY OF ARGUMENT ...................................................................................v

II.  INTRODUCTION ...............................................................................................1

III. ARGUMENT .....................................................................................................2

    A.   Plaintiff's Proposed Class Allegations Should Be Stricken ..........................2

        1.   Defendants' Motion is Not Premature and Striking Plaintiff's Class Allegations at the Pleading Stage is Warranted Here ......................2

        2.   Plaintiff's Allegations in the FAC Demonstrate the Impermissible Overbreadth of Her Proposed Class Definition ......................4

        3.   Plaintiff's Claims Are Not Typical of the Overbroad Class As They Do Not Arise from the Same Course of Events......................6

        4.   Plaintiff Fails to Effectively Dispute the Lack of Commonality Among Her Proposed Class ......................8

        5.   Plaintiff Fails to Rebut Defendants' Showing that Plaintiff Cannot Satisfy Rule 23(b)(3)'s Predominance Requirement ......................9

        6.   Plaintiff Fails to Effectively Rebut the Lack of Ascertainability of the Putative Class......................13

IV.  CONCLUSION......................................................................................15

DEFENDANTS' REPLY ISO MOTION TO STRIKE – 4:16-CV-07146-JSW

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berger v. Home Depot USA, Inc.*,
  741 F.3d 1061 (9th Cir. 2014) ...............................................................v, 10

*Bishop v. Saab Auto. A.B.*,
  Case No. CV 95-0721 JGD, 1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16,
  1996) ...............................................................................................14

*California ex rel. State Lands Comm'n v. United States*,
  512 F.Supp. 36 (N.D.Cal.1981) ...................................................................4

*Colapinto v. Esquire Deposition Servs.*,
  Case No. CV 09-07584 SJO (PLAx), SACV 10-00297, 2011 U.S. Dist. LEXIS
  308114 (C.D. Cal. Mar. 8, 2011) ..................................................................14

*Colgan v. Leatherman Tool Group, Inc.*,
  135 Cal. App. 4th 663 (2006) ......................................................................12

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013) .......................................................................v, 12, 13

*Ehret v. Uber Techs., Inc.*,
  148 F. Supp. 3d 884, 895 (N.D. Cal. 2015) ........................................................11

*Gen. Tel. Co. of Sw v. Falcon*,
  457 U.S. 147 (1982) ..........................................................................v, 4, 7

*Gilbert v. MoneyMutual, LLC*,
  318 F.R.D. 614 (N.D. Cal. 2016) (White, J.) .............................................v, 6, 8, 10

*Hernandez v. Chipotle Mexican Grill, Inc.*,
  No. 12-5543, 2013 WL 6332002 (C.D. Cal. Dec. 2, 2013) ............................................15

*Herskowitz v. Apple, Inc.*,
  301 F.R.D. 460 (N.D. Cal. 2014) ...............................................................v, 14

*Hovsepian v. Apple, Inc.*,
  Case No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .........................2, 4

*In re Clorox Consumer Litig.*,
  301 F.R.D. 436 (N.D. Cal. 2014) ..................................................................15

*In re POM Wonderful LLC*,
  No. ML 10-02199 DDP, 2014 WL 1225184 (C.D. Cal. March 25, 2014) ..................................13

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) ...................................................................................v, 2

*Korolshteyn v. Costco Wholesale Corp.*,
    No. 3:15-cv-709-CAB-RBB, 2017 WL 1020391 (S.D. Cal. March 16, 2017) ............13

*La Mar v. H & B Novelty & Loan Co.*,
    489 F.2d 461 (9th Cir. 1973) ................................................................................v, 14

**Law v. City of Berkeley**
    (No. 15-CV-05343-JSC, slip op., 2016 WL 4191645 (N.D. Cal. Aug. 9, 2016)) .........3

**Leon v. Standard Ins. Co.**
    (No. 2:15-CV-07419-ODW-JC, 2016 WL 768908 (C.D. Cal. Jan. 28, 2016)) ............3

*Makaeff v. Trump Univ.*,
    309 F.R.D. 631 (S.D. Cal. 2015) .............................................................................13

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) ...................................................................................10

*Microsoft v. Baker*,
    No. 15-457, ___S. Ct. ___, 2017 WL 2507341 (June 12, 2017) ...............................v

*Morales v. Kraft Foods Inc.*,
    No. LA CV14-04387 JAK(PJWx), 2017 WL 2598556 (C.D. Cal. June 9, 2017) .......15

*Novick v. UNUM Life Ins. Co. of Am.*,
    570 F. Supp. 2d 1207 (C.D. Cal. 2008) .....................................................................3

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..............................................................v, 2, 11

*Sandoval v. Ali*,
    34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014) ............................................................2

*Sapiro v. Encompass Ins.*,
    221 F.R.D. 513 (N.D. Cal. 2004)...............................................................................3

*Tietsworth*, 720 F. Supp. 2d at 1146-1147 ....................................................................v, 2

*Trazo v. Nestle USA, Inc.*,
    No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534 (N.D. Cal. Aug. 9, 2013) ....................4

*Util. Consumers' Action Network v. Powernet Glob. Commc'ns*,
    No. 06CV1773-H (RBB), 2006 U.S. Dist. LEXIS 78546 (S.D. Cal. Oct. 20, 2006) ............2, 3

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..........................................................................................v, 8, 9

*Werdebaugh v. Blue Diamond Growers*,
  No. 12-cv-02724-LHK, 2014 WL 7148923 (N.D. Cal. Dec. 15, 2014) ..................................v, 12

*Wolph v. Acer Am. Corp.*,
  No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681 (N.D. Cal. Sept. 14, 2009) ....................7, 8

**Other Authorities**

Fed. R. Civ. P. 12(f) ...........................................................................................................................4

Fed. R. Civ. P. 23(a) .......................................................................................................................4, 6

Fed. R. Civ. P. 23(b)(3) ...................................................................................................................v, 2

Fed. R. Civ. P. 23(d)(1)(D) ............................................................................................................4, 5

## I.    SUMMARY OF ARGUMENT

Plaintiff's heavy reliance in her Opposition on the false contention that her proposed class includes only purchasers of recalled/contaminated products underscores the fatal defect of her class allegations, and requires the granting of this Motion.  As detailed below, Plaintiff's class allegations must be stricken from the FAC for several reasons:

First, Defendants' Motion is not premature and striking Plaintiff's class allegations at the pleading stage is warranted here.  *See, e.g., Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009).  Second, Plaintiff's proposed class definition is impermissibly overbroad because it includes individuals who have no injuries and therefore lack standing to maintain the action, and it has no time or retailer limitation. *See Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146-47 (N.D. Cal. 2010).  Third, Plaintiff's claims or defenses are not typical of the claims or defenses of the class because they do not arise from the same course of events.  *See Gilbert v. MoneyMutual, LLC*, 318 F.R.D. 614, 622 (N.D. Cal. 2016) (White, J.); *see also Gen. Tel. Co. of Sw v. Falcon,* 457 U.S. 147, 156 (1982). Fourth, Plaintiff fails to effectively dispute the lack of commonality that exists among the members of the putative class.  *Compare* Dkt. 40 at 7-8 *with* Dkt. 49 at 8-9; *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Fifth, Plaintiff fails to rebut Defendants' showing that Plaintiff cannot satisfy the predominance requirement of Rule 23(b)(3) because she cannot establish common proof of reliance or damages. *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068-69 (9th Cir. 2014), *abrogated on other grounds by Microsoft v. Baker*, No. 15-457, ___ S. Ct. ___, 2017 WL 2507341 (June 12, 2017); *see also Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013); *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-02724-LHK, 2014 WL 7148923, at *8 (N.D. Cal. Dec. 15, 2014).  Sixth, Plaintiff fails to effectively rebut the lack of ascertainability regarding class members because there is no common means to establish injury in fact for the class members or easily identify them.  *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 477-78, 480 n.17 (N.D. Cal. 2014); *see also La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464 (9th Cir. 1973).  Thus, because it is clear from the face of the FAC that Plaintiff's class allegations cannot be maintained, they should be stricken to avoid the expenditure of time and money required to litigate them.

## II. **INTRODUCTION**

The gravamen of Plaintiff's FAC is that certain, specific lots of Defendants' turmeric products – identified as possessing ***a specific combination of certain brands, sizes, UPC numbers, and "best by" dates*** – were discovered to be contaminated and subsequently recalled for such contamination.  *See* FAC ¶4, n. 1; RJN Exs. 1-2 (identifying recalled products as products with a specific combination of "Brand/Description and Net Weight," "Lot/BB code," and "UPC Number"). Indeed, nowhere in the FAC does Plaintiff allege that any of Defendants' turmeric products *other than* the turmeric products recalled in 2016 were ever contaminated.  Despite this fact which is apparent on the face of the FAC, Plaintiff impermissibly proposes an overbroad class of all individuals in California who have *ever* purchased *any* of a much broader set of Defendants' turmeric products (rather than just the recalled products at issue in Plaintiff's action).  *See* FAC ¶23.

In attempting to rebut each of the grounds raised in Defendants' Motion to Strike ("Motion"), Plaintiff relies heavily on the specious argument that her class definition is proper because it purportedly includes only purchasers of recalled/contaminated products.  *See*, *e.g.*, Dkt. 49 at 1. Plaintiff's reliance throughout her Opposition on this false contention underscores the fatal defect of her proposed class, and makes the granting of this Motion appropriate and necessary.

As reasoned in Defendants' concurrently filed Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff's attempt to rescue the FAC's fatally deficient allegations regarding each of her claims is futile and the entire FAC should be dismissed with prejudice.  Independent of the grounds for dismissal of the FAC, as Defendants' assert in their Motion, Plaintiff's class allegations (alleging that she represents California class of "persons" who purchased certain "Gel Spice Turmeric Products" *at any time*, some of which were subject to the recalls at issue in this action) also must be stricken for several reasons: (1) Defendants' Motion is not premature and striking Plaintiff's class allegations at the pleading stage is warranted here; (2) Plaintiff's proposed class definition is impermissibly overbroad because it includes individuals who have no injuries and therefore lack standing to maintain the action, and it has no time or retailer limitation; (3) Plaintiff's claims or defenses are not typical of the claims or defenses of the class because they do not arise from the same course of events; (4) Plaintiff fails to effectively dispute the

lack of commonality that exists among the putative class; (5) Plaintiff fails to rebut Defendants'

showing that Plaintiff cannot satisfy Rule 23(b)(3)'s predominance requirement because she cannot

establish common proof of reliance or damages; and (6) Plaintiff fails to effectively rebut the lack of

ascertainability regarding class members because there is no common means to establish injury in

fact for the class members or easily identify them.  Thus, because even at this stage of the litigation

it is clear from the face of the FAC that Plaintiff's class allegations cannot be maintained, they

should be stricken to avoid the expenditure of time and money required to litigate them.

## III.  ARGUMENT

### A.  Plaintiff's Proposed Class Allegations Should Be Stricken.

#### 1.  Defendants' Motion is Not Premature and Striking Plaintiff's Class Allegations at the Pleading Stage is Warranted Here.

Plaintiff mischaracterizes Defendants' Motion and the applicable case law in arguing that the

Motion is premature.  As an initial matter, Plaintiff incorrectly asserts that Defendants "offer no

controlling authority that their motion is appropriate at this stage of the litigation."  *See* Dkt. 49 at 3.

However, Defendants cite to numerous cases in their Motion, including Ninth Circuit authority,

where courts granted motions to strike class actions at the pleading stage.  *See* Dkt. 40 at 4-5.[1]

Moreover, while Plaintiff asserts in a conclusory fashion that Defendants' Motion is

premature, she does not rebut the legal authorities cited by Defendants in support of the

appropriateness of their Motion at this stage, nor does she cite any controlling authority to support

her own position.  *See* Dkt. 49 at 3-5.  Instead, Plaintiff provides only cherry-picked citations to

certain cases as purported persuasive authority without any analysis of how the cases may actually

---

[1] Citing *Kamm*, 509 F.2d at 212 (affirming district court's order striking class allegations because it was apparent on the pleadings that class would not meet the superiority requirement); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014) (striking class allegations at pleading stage because proposed class was overbroad); *Tietsworth*, 720 F. Supp. 2d at 1146-47 (granting motion to strike plaintiffs' class allegations after concluding the proposed class was overbroad and not ascertainable); *Hovsepian v. Apple, Inc.*, Case No. 08-5788 JF (PVT), 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (where it is apparent from pleadings that class cannot be maintained, courts may strike class allegations prior to discovery); *Sanders*, 672 F. Supp. 2d at 990-91 (striking class allegations at the pleading stage because individual issues would predominate litigation of fraud action); *Util. Consumers' Action Network v. Powernet Glob. Commc'ns*, No. 06CV1773-H (RBB), 2006 U.S. Dist. LEXIS 78546, at *18 (S.D. Cal. Oct. 20, 2006) (striking class allegations at pleading stage).

apply here. *See* Dkt. 49 at 3-4.[2] Indeed, as detailed in note 1, Plaintiff's reliance on each of those cases is misplaced as they do not support her position here.

Then, in an apparent about-face, Plaintiff concedes that courts *do* strike class allegations at the pleading stage, but asserts that "the facts of this case are not amenable to such premature action." Dkt. 49 at 4. Yet she does not elaborate on this conclusory assertion, nor does she attempt to either: (a) distinguish the facts of this case from cases where courts have ordered class allegations stricken at the pleading stage, or (b) analogize the facts of this case to cases where courts have declined to do so. *See id.* Instead, Plaintiff summarily claims, without citation to any purported supporting allegations in the FAC, that "[t]his case concerns an established pattern of wrongful conduct by Defendants that is uniform among all members of the proposed class and subject to common proof." *Id.* This argument is nonsensical, as the FAC does not even attempt to plead an "established pattern of wrongful conduct" – but rather, a one-time product recall. In addition, as explained in Parts III.A.2-5, *infra*, the alleged wrongful conduct here is neither "uniform among all members of the proposed class" nor "subject to common proof." Even if this conclusory statement by Plaintiff was supported by the FAC, Plaintiff cites no authority in support of her assertion that "[p]laintiffs should be allowed to engage in discovery to ascertain which of their causes of action are fully supported by the facts." *See* Dkt. 49 at 4.

---

[2] First, **Plaintiff misrepresents the standards stated in both *Law v. City of Berkeley*** (No. 15-CV-05343-JSC, slip op., 2016 WL 4191645, at *2-3 (N.D. Cal. Aug. 9, 2016)) **and *Leon v. Standard Ins. Co.*** (No. 2:15-CV-07419-ODW-JC, 2016 WL 768908, at *3 (C.D. Cal. Jan. 28, 2016)) **by providing only a partial, out-of-context, quote from each case.** *See* Dkt. 49 at 3-4. Each of those cases recognized that there are circumstances where a motion to strike class allegations is appropriately granted. *See Law*, 2016 WL 4191645, at *3; *Leon*, 2016 WL 768908, at *3 (noting that, "*[h]owever, sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…in which case denying certification or striking class allegations based on the pleadings alone may be appropriate.*" *Id.* (citations omitted; emphasis added). Second, the court in *Silverman v. Smithkline Beecham Corp.* declined to grant the motion to strike on commonality and superiority grounds because the defendants had "a scant development of the arguments" on those specific grounds. No. CV 06-7272 DSF(CTx), 2007 WL 3072274, at *2 (C.D. Cal. Oct. 16, 2007). Third, two of the cases did not even involve a putative class action and are therefore inapposite. *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 516 (N.D. Cal. 2004); *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008). Lastly, Plaintiff's reference to *Manning* and *Rosenstein* is superfluous as she presents no argument that Defendants' Motion is "a dilatory or harassing tactic" (nor can she do so in good faith). *See* Dkt. 49 at 4.

In fact, courts generally recognize that no discovery is needed where the class allegations in the pleadings are patently insufficient to maintain a class. *See Gen. Tel.,* 457 U.S. at 160 (noting that, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim" and "actual, not presumed, conformance with Rule 23(a) remains… indispensable"); *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534, at *8 (N.D. Cal. Aug. 9, 2013) (noting motion to strike class allegations is "ripe when…the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim"); *Hovsepian v. Apple, Inc.*, Case No. 08-5788 JF (PVT), 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (where it is apparent from pleadings that class cannot be maintained, courts may strike class allegations prior to discovery); *cf. California ex rel. State Lands Comm'n v. United States,* 512 F. Supp. 36, 38 (N.D.Cal.1981) (noting that, "where [it] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken"). Thus, Defendants' Motion is not premature and should be granted under Rules 12(f) and 23(d)(1)(D) because the grounds, identified in the Motion and herein, require that Plaintiff's class allegations be stricken. *See* Dkt. 40 at 5-15.

        2.   <u>Plaintiff's Allegations in the FAC Demonstrate the Impermissible Overbreadth of Her Proposed Class Definition</u>.

Plaintiff does not dispute any of the legal authority presented in Defendants' Motion regarding the impermissible overbreadth of her proposed class; nor does she dispute the requirement that an adequate class definition must be "sufficiently definite to permit ascertainment of class members, and…***must not be so broad as to include individuals who are without standing to maintain the action on their own behalf***." *Compare* Dkt. 40 at 5-6 *with* Dkt. 49 at 5-6. Instead, Plaintiff only attempts, unsuccessfully, to factually rebut Defendants' arguments demonstrating the failure of her proposed class definition to satisfy that requirement. *See* Dkt. 49 at 5-6.

In her Opposition, Plaintiff claims that her class definition is adequate because "only purchasers of specific brands and UPC codes are included in the definition" and the FAC "specifically alleges that each of these lot numbers of these brand names was recalled because of lead

contamination." *Id.* (citing FAC ¶¶3-4). This is incorrect. As alleged in the FAC, the recalled products at issue are identified as products with a specific combination of certain brands, sizes, UPC numbers, *and* "best by" dates. *See* FAC ¶4; *see also* FAC n.1; RJN Exs. 1-2 (identifying recalled products as products with a specific combination of "Brand/Description and Net Weight," "Lot/BB code," and "UPC Number"). Accordingly, defining the class to include individuals who purchased products matching only *some* (rather than *all*) of the required identifiers for the recalled products will undeniably capture many extraneous products that were not actually recalled.

For example, all individuals who purchased any 8 oz. bottle of Spice Select with the UPC Number 076114007730 will fall within Plaintiff's proposed class, whether the purchased bottle also has a "Lot/BB [Best Buy] code" of 03/18/19 (making it a recalled product) or whether it has a different "Lot/BB code" (making it *not* a recalled product). *See* RJN Ex. 2.

Plaintiff effectively concedes this point in her allegations regarding how she determined whether the turmeric product that *she* had purchased was part of the recall. *See* FAC ¶61 (alleging that "[s]ubsequent ***comparison of the 'Best By' dates and UPC codes of the Turmeric Products that she had purchased*** at Big Lots, ***to the recalled Turmeric Products identified in the company announcement…established that the Turmeric Products that Plaintiff had purchased at Big Lots were part of the initial recalled lot***") (emphasis added). Thus, Plaintiff's failure to include the corresponding "Best by" dates for each of the recalled products makes her proposed class impermissibly overbroad because it includes potentially hundreds of individuals who did *not* purchase a recalled product and therefore have no standing in this case. *Compare* FAC ¶23 *with* RJN Exs. 1-2; *see also Tietsworth*, 720 F. Supp. 2d at 1146-1147 (granting motion to strike proposed class which was unascertainable because it included members who "have no injury and no standing to sue"). Even if one relies on Plaintiff's unsupported and conclusory assertion that "[t]he mere purchase of a product that is too dangerous to use" means the consumer "suffered economic injury" (Dkt. 49 at 6), such a rule is inapplicable here because Plaintiff's proposed class is *not* limited to purchasers of the recalled products that Plaintiff alleges are "too dangerous to use." *See id.*

Plaintiff's attempt to defend the absence of any time limit or store/retailer limit in her proposed class definition also fails because she relies on the false premise that "each lot number identified was

actually recalled." *See* Dkt. 49 at 6. Indeed, the lack of any time limit in the proposed class definition severely exacerbates the overbreadth problem identified above, as it further widens the scope of the definition to include any and all individuals in California who *ever* purchased any of the products with the brand and UPC numbers identified in Plaintiff's class definition.[3] *See* FAC ¶23. This encompasses many hundreds, if not thousands, of individuals. *See* FAC ¶¶1, 19-20 (alleging Gel Spice is a leading manufacturer of spices, has been ***in operation since 1955***, and has over $100 million in annual sales of its spices in the United States) (emphasis added). Moreover, as explained below, Plaintiff's overbroad class definition is also fatal to Plaintiff's ability to meet other requirements of Rule 23(a) for the maintenance of class actions, including the typicality and commonality requirements. *See* Parts III.A.3-4, *infra*.[4] Thus, the Court should strike Plaintiff's impermissibly overbroad class allegations.

3.   <u>Plaintiff's Claims Are Not Typical of the Overbroad Class as They Do Not Arise from the Same Course of Events</u>.

While the typicality requirement is generally applied permissively, a basic showing is still required and Plaintiff's conclusory assertion that she "is inarguably a typical purchaser of Defendants' adulterated turmeric" followed by citations of general legal standards is unavailing. *See* Dkt. 49 at 7. First, as described above, there are potentially hundreds (if not thousands) of individuals within the proposed class who have not even purchased a recalled product and for whom the entirety of Plaintiff's allegations in the FAC is inapplicable. *See* discussion at Part III.A.2, *supra*; Dkt. 40 at 6. Thus, Plaintiff's claims are ***not typical*** of the claims of the proposed class members because her claims do not arise from the same course of events that applies across the proposed class (namely, the purchase of a recalled product based on an alleged misrepresentation or omission by Defendants). *See Gilbert*, 318 F.R.D. at 622 (noting "typicality is satisfied when each

---

[3] The lack of an appropriate class period also creates statute of limitations issues within the class that must be further litigated as individual inquiries, increasing the unnecessary inefficiencies caused by Plaintiff's overbroad class definition.

[4] Moreover, as noted in Defendants' Motion (and undisputed in Plaintiff's Opposition), Plaintiff's class definition also does not include any requirement that class members have suffered economic injury caused by Defendants' alleged misconduct and does not exclude potential class members who received an in-kind exchange or a refund for their purchase of a recalled product. This is crucial because without any cognizable injury connected to Defendants' alleged misconduct, there is no standing. *See* Defendants' Motion to Dismiss FAC, Dkt. 39 at Part V.A. and V.D.1; *see also Tietsworth*, 720 F. Supp. 2d at 1146-1147. Thus, Plaintiff's failure to define a legally cognizable class also requires striking the class definition.

DEFENDANTS' REPLY ISO MOTION TO STRIKE – 4:16-CV-07146-JSW

class member's claim arises from ***the same course of events, and*** each class member makes ***similar legal arguments*** to prove the defendant's liability") (quotation marks omitted; emphasis added); *see also Gen. Tel. Co. of Sw,* 457 U.S. at 156 (holding that, to satisfy the typicality requirement, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members").

Second, Plaintiff misrepresents Defendants' argument about the key dissimilarities between Plaintiff and the proposed class as "conclusory" by ignoring the several examples that Defendants provide of those dissimilarities. *Compare* Dkt. 49 at 6-7 with Dkt. 40 at 7-8. As Defendants note in their Motion, some of the key dissimilarities among Plaintiff's proposed class members are: (a) whether they actually purchased a recalled product at issue in this action; (b) whether they purchased that product from Big Lots and at what price; (c) whether they viewed any of Defendants' alleged misrepresentations; (d) whether they relied on any alleged misrepresentations by Defendants when purchasing the recalled product; and (e) whether, and to what extent, they suffered any actual injury from the purchase of a recalled product (or, for example, whether they returned the product for a full refund or exchange). Dkt. 40 at 7-8. Each of these dissimilarities shape Plaintiff's claims and remedies and make them atypical of the claims and remedies of the overbroad class she proposes.

Moreover, to the extent that Plaintiff also asserts a fraudulent omission claim, additional key dissimilarities among her proposed class include but are not limited to: (1) whether Defendants were aware of, or had any reason to know of, the potential contamination at the time of sale to each class member; (2) whether there was any omission by Defendants at the time of each class member's purchase; and (3) whether any purported omission by Defendants was material with respect to each class member. *See Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681, at *11 (N.D. Cal. Sept. 14, 2009) ("To state a claim for fraud based on nondisclosure, [p]laintiffs must allege '(1) the defendant failed to disclose a material fact which he knew or believed to be true; and (2) the defendant had a duty to disclose that fact.'"). Plaintiff does not attempt to rebut any such dissimilarities among the proposed class, only repeating her conclusory and patently untrue assertion that Plaintiff "suffered a loss that was wholly typical of ***every*** proposed class member." Dkt. 49 at 8 (emphasis added). This is false. Thus, because it is clear from the FAC that Plaintiff's purported

representative claims are not "reasonably co-extensive with those of absent class members," Plaintiff cannot meet the typicality requirement and her class allegations should be stricken for this additional reason. *See Gilbert*, 318 F.R.D. at 622 (citation omitted).

4. <u>Plaintiff Fails to Effectively Dispute the Lack of Commonality Among Her Proposed Class</u>.

Plaintiff does not effectively dispute any of Defendants' arguments or authorities showing the lack of commonality in her purported class, including the requirement that Plaintiff demonstrate that proposed class members have suffered the same injury. *Compare* Dkt. 40 at 7-8 *with* Dkt. 49 at 8-9. Instead, Plaintiff relies on the false and conclusory premise that "of course, the class definition itself explicitly limits the proposed class to 'All persons in California who have *purchased* Gel Spice Turmeric Products.'" *Id.* at 8 (citing FAC ¶23) (emphasis in original). This argument is inapposite because, as explained above, Plaintiff's proposed class is ***not limited to*** individuals who have purchased the ***recalled*** products at issue in Plaintiff's action. *See* FAC ¶23; Part III.A.2, *supra*. Due to the overbroad class definition, Plaintiff's proposed class impermissibly includes hundreds (if not thousands) of people who have suffered no injuries at all, let alone the *same* injury as required for commonality. *See Wal-Mart*, 564 U.S. at 350 (noting plaintiff must "demonstrate that the class members have suffered the same injury" to show commonality). Plaintiff does not overcome this fatal flaw in her Opposition and she cannot overcome it through discovery.

Plaintiff also does not persuasively rebut Defendants' other arguments asserting that she cannot meet the commonality requirement, as she merely makes several conclusory assertions without any citation to legal authority. For example, Plaintiff asserts "the question of whether Gel Spice failed to disclose the contamination of its turmeric is common to all class members, regardless of where the turmeric was purchased." Dkt. 49 at 9 (no citations). This conclusory assertion fails because it presumes that all proposed class members purchased recalled products, a presumption that is negated by the plain language of Plaintiff's class definition. *See* FAC ¶23; Part III.A.2, *supra*.

Plaintiff also fails to rebut the legal authorities cited in Defendants' Motion, which establish that commonality is not present when there are various different alleged misrepresentations at issue, some of which the putative class may not have seen. *See* Dkt. 40 at 8. Instead, in a tacit admission

that her putative class lacks commonality on her misrepresentation claims, Plaintiff attempts to recast her UCL claims as only based on fraudulent omissions (and accuses Defendants of "misconstrue[ing] the nature of [her] claim," despite her numerous allegations throughout the FAC regarding alleged misrepresentations by Defendants).[5] Dkt. 49 at 9; *but see* FAC ¶26 (listing several purported common questions expressly related to Defendants' alleged "representations"). Yet, Plaintiff does not explain how an omission-based claim purportedly creates any commonality among the proposed class members. *See id.* In fact, as Defendants have explained, there are several key dissimilarities among the proposed class that prevent the requisite commonality for a class action, regardless of whether Plaintiff pursues a misrepresentation or an omission claim. Dkt. 40 at 7-8; Part III.A.3, *supra*; *see also Wal-Mart*, 564 U.S. at 350 ("Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.") (internal quotation marks omitted).[6]

Plaintiff further argues that Defendants "fail to show how these distinctions are material when the facts alleged show that the conduct giving rise to them was *uniform* for all members of the proposed national [sic] class." Dkt. 49 at 9 (emphasis added). However, Plaintiff does not cite to any authority for her contention that the distinctions must be "material" to defeat commonality nor does she cite to any section of the FAC in support of her conclusory factual assertion. Indeed, the FAC does not support any such conclusion, as Plaintiff alleges few actual facts about her own individual claims and no specific facts about the class action claims. *See generally* FAC. Thus, this argument is also unpersuasive. As Defendants have demonstrated (and Plaintiff has failed to refute), no amount of discovery can create commonality among Plaintiff's fatally flawed proposed class. Accordingly, Plaintiff's class allegations should be stricken on this independent ground.

     5.    <u>Plaintiff Fails to Rebut Defendants' Showing that Plaintiff Cannot Satisfy Rule 23(b)(3)'s Predominance Requirement.</u>

          a.    *Plaintiff Fails to Justify a Presumption of Reliance, and so, Individualized Issues of Reliance Predominate Here.*

---

[5] *See, e.g.*, FAC ¶¶1, 19, 26-27, 48-49, 51, 65-66; *see also* Dkt. 55 at 9 (Part III.D.2. of Defendants' Reply in support of Motion to Dismiss the FAC).

[6] Indeed, Plaintiff's entire Opposition appears to be grounded on the false presumption that her proposed class contains only purchasers of Defendants' recalled turmeric products. The logical flip side to Plaintiff's position is an inferred admission that her proposed class definition fails if it does not meet that presumption (i.e., it does *not* contain only purchasers of Defendants' recalled turmeric products).

DEFENDANTS' REPLY ISO MOTION TO STRIKE – 4:16-CV-07146-JSW

In her Opposition, Plaintiff superficially deflects Defendants' arguments about the predominance of individualized issues of reliance, without analyzing or effectively disputing any of Defendants' legal authorities cited in support of their position. *Compare* Dkt. 40 at 9-10 *with* Dkt. 49 at 10. Indeed, Plaintiff never even mentions the *Mazza* case in her Opposition, even though it is controlling authority that is directly on point here. *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 595-96 (9th Cir. 2012) (finding advertising campaign at issue was limited in time and scope, and thus the "misrepresentations at issue…[did] not justify a presumption of reliance…primarily because it is likely that many class members were never exposed to the allegedly misleading advertisements"); *see also Berger*, 741 F.3d at 1068-69 (following *Mazza* and finding that while "it is necessary only to show that members of the public are likely to be deceived,…***the question of likely deception does not automatically translate into a class-wide question***") (emphasis added); *id.* at 1068 (holding that "***class certification of UCL claims is available only to those class members who were actually exposed to the business practice at issue***") (emphasis added); *Gilbert*, 318 F.R.D. at 625 (denying class certification on fraud-based UCL claim due to plaintiff's failure to satisfy the predominance requirement for that claim under *Mazza* and *Berger*).

Plaintiff's failure to address, let alone rebut, *Mazza* and the cases following it (including cases before this Court) effectively concedes Defendants' argument.[7] While Plaintiff argues generally that she "need only establish that members of the public are likely to be deceived" (Dkt. 49 at 10 (citations omitted)), that argument is unavailing in the face of the undisputed controlling authority that is directly on point to the circumstances of this case. Moreover, even if Plaintiff had sufficiently alleged facts to demonstrate that the alleged representations (and/or omissions) at issue in this action were made on a uniform basis, she still fails to satisfy the preponderance requirement because she does not allege any facts sufficient "to show that it was reasonable to infer the class she [seeks] to certify ha[s] been exposed to the alleged misrepresentations" or material omissions. *Gilbert*, 318 F.R.D. at 625 (citing

---

[7] Puzzlingly, Plaintiff cites *Gilbert*, a recent opinion from this Court, in support of an argument elsewhere in her Opposition (unpersuasively), but completely ignores *Gilbert*'s application of the legal standard in *Mazza* (and *Berger*) to circumstances similar to the ones here, to find that the plaintiff "[has] not met [her] burden to show predominance…on the UCL Fraud Claim." *Gilbert*, 318 F.R.D. at 625 (White, J.) (finding plaintiff failed to satisfy the predominance requirement for that claim under *Mazza* and *Berger*); *see also* Dkt. 49 at 7 (citing *Gilbert*).

*Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 895 (N.D. Cal. 2015)).

Even Plaintiff's attempt to recast her FAC as raising omission-based fraud claims, rather than misrepresentation claims, does not help her satisfy the predominance requirement. As the Northern District held in *Sanders*,

> an adequate pleading of fraudulent concealment requires specific allegations that the plaintiff would not have acted as he did if he had known of the concealed or suppressed fact. ***This requirement inquires into the specific facts surrounding each buyer's transaction, and is functionally equivalent to the "reliance element."*** If the proposed class were to be certified, ***the Court would be forced to engage in individual inquiries of each class member with respect to materiality of the statement, whether the member saw Apple's advertisements or visited Apple's website, and what caused the member to make the purchase***.

672 F. Supp. 2d at 991 (striking class allegations at pleading stage because individual issues would predominate litigation of fraud action) (emphasis added). Thus, Plaintiff fails to sufficiently refute Defendants' showing that individualized issues of reliance would predominate over any common questions here.

        b.     *Plaintiff Fails to Rebut Defendants' Arguments That Individualized Issues of Damages Will Predominate.*

Plaintiff also fails to sufficiently rebut Defendants' arguments about the predominance of individualized damages questions, particularly in light of the fact that the proposed class includes hundreds, if not thousands, of individuals who have *no claim to damages* here (whether restitutionary or actual) because they have not purchased a *recalled* turmeric product. *See* discussion at Part III.A.2, *supra*. Once again, Plaintiff ignores the bulk of Defendants' arguments and supporting legal authorities, and instead makes largely conclusory assertions that are unavailing and contradicted by legal precedent.

First, regarding Defendants' arguments about non-ingestible uses of turmeric powder (Dkt. 40 at 10), Plaintiff argues "there is...nothing showing that these uses are still safe even in light of the lead contamination." Dkt. 49 at 11. However, as Defendants noted in the Motion, Plaintiff has already admitted in the FAC that "various foods may contain unavoidable but small amounts of lead that do not pose a significant risk to human health," which means that uses involving non-food consumption

could be safe as well.  Dkt. 40 at n. 7 (citing FAC ¶16 and RJN, Exs. 3-5).  Plaintiff does not address or refute this contention in her Opposition, thereby tacitly conceding it.

Second, Plaintiff asserts in conclusory fashion that "[i]ndividual issues of damage cannot arise in the context of restitution, where the relevant inquiry is the profits Defendants earned from their deceptive, unlawful, and unfair conduct."  Dkt. 49 at 11.  Given that Plaintiff cites no authority for this position, it apparently only reflects Plaintiff's opinion, which is not relevant here.  Moreover, Plaintiff also does not address, let alone refute, Defendants' arguments and legal authority regarding the individualized questions that will predominate even Plaintiff's restitutionary damages.  *Compare* Dkt. 40 at 12 *with* Dkt. 49 at 11-12.  Thus, it remains undisputed that: (a) while the UCL "authorize[s] a trial court to grant restitution to private litigants," the restitution awarded must be a "quantifiable sum[]," and the award must be supported by substantial evidence, *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 694, 697, 700 (2006); (b) "the proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received," *Werdebaugh*, 2014 WL 7148923, at *8; and (c) "Restitution is then determined by taking the difference between the market price actually paid by consumers and the true market price that reflects the impact of the unlawful, unfair, or fraudulent business practices," *Id.*  Thereby, as explained in the Motion, individualized inquiries regarding the amount consumers paid for the product and the value they may have received from using the product predominate, preventing determination of restitutionary damages on a class-wide basis.  Dkt. 40 at 11-12.

Third, Plaintiff asserts that the Full Refund model for damages applies here and resolves her failure to satisfy the predominance requirement with respect to damage issues because "the damages available to each proposed class member would be the same."  Dkt. 49 at 11 (citing no controlling or even California state authority).  In making this argument, Plaintiff completely ignores the baseline test for sufficiency of a damages model as described by the Supreme Court in *Comcast*, 133 S. Ct. 1426, and in Defendants' Motion.  *See* Dkt. 40 at 10-11.  In sum, given the fundamental deficiency in Plaintiff's overbroad proposed class (in that large numbers of the proposed class did not even purchase the recalled products), Plaintiff fails to establish that (1) any injuries result from the alleged violations

and are "common to the class;" and (2) the damages resulting from such injuries are measurable "on a class-wide basis" through the use of a common methodology. *Comcast*, 133 S. Ct. at 1428. Plaintiff does not effectively dispute these facts about the fatal shortcomings of her proposed class definition. *See id.*; *see also* Dkt. 40 at 10-11, n. 9; *In re POM Wonderful LLC*, No. ML 10-02199 DDP (RZx), 2014 WL 1225184, at \*5 (C.D. Cal. Mar. 25, 2014) (granting motion to decertify class because plaintiffs failed to "comport with *Comcast*'s requirement that class-wide damages be tied to a legal theory," namely, in that case, show that damages were "attributable to [defendant's] alleged misrepresentations").

Moreover, Plaintiff's reliance on *Korolshteyn v. Costco Wholesale Corp.* is unsuccessful, as that case (1) involved a properly defined class and a nutritional supplement product which the plaintiff had sufficiently alleged to have "no value whatsoever" and for which the defendant had "records of purchases;" and (2) did not involve a recall (with the attendant opportunity for consumers to return the recalled product for a full refund or even exchange). No. 3:15-cv-709-CAB-RBB, slip op., 2017 WL 1020391, at \*7 (S.D. Cal. Mar. 16, 2017). In contrast, Plaintiff here does not allege in the FAC that the recalled turmeric products at issue have "no value whatsoever." *See generally* FAC.[8] Moreover, as Defendants noted in the Motion, Plaintiff's allegations focus on the use of turmeric as a food item, while there are several uses for turmeric other than for food consumption, none of which is affected by Defendants' purported misrepresentations and/or omissions. *See* Dkt. 40 at 10-13; *see*, *e.g.*, RJN, Exs. 6-10. Thus, as Plaintiff fails to refute Defendants' showing that individualized issues would predominate over any common questions here, Plaintiff's class allegations must be stricken. *See* Dkt. 40 at 9-13.

6.    Plaintiff Fails to Rebut the Lack of Ascertainability of the Putative Class.

Once again, Plaintiff does not directly rebut or distinguish any of the cases cited by Defendants in support of their arguments in the Motion, this time on ascertainability. *Compare* Dkt. 40 at 13-15

---

[8] Plaintiff's reliance on *Makaeff v. Trump Univ.*, 309 F.R.D. 631, 637, 643 (S.D. Cal. 2015), is also unsuccessful for similar reasons. Moreover, underlying Plaintiff's attempted justifications, again, is the false premise that all proposed class members purchased the recalled products at issue in this litigation. As explained in Part III.A.2, this is false as the proposed class is much broader than Plaintiff apparently realizes or chooses to admit.

*with* Dkt. 49 at 13-15. Plaintiff argues generally that the Ninth Circuit has not adopted an ascertainability standard, yet this ignores the many California district court cases, including Northern District cases (a number of which Defendants cited in their Motion), where courts clearly apply an ascertainability requirement before allowing a class action to proceed. *See* Dkt. 40 at 13-15. Indeed, as noted in Defendants' Motion, courts have rejected proposed classes as unascertainable where there is no common means for establishing injury in fact—in other words, where that determination would require "an individualized inquiry into the factual circumstances of each customer's transaction." *See* Dkt. 40 at 13 (citing *Herskowitz*, 301 F.R.D. at 477-78, 480 n.17 (denying class certification in part because the class was unascertainable "in that Plaintiffs have not proposed an 'administratively feasible' means of determining who is a class member")).

Plaintiff also does not dispute that class actions cannot be brought on behalf of "those who have suffered no harm at the hands of them against whom they complain," and thus have no standing to sue. *La Mar*, 489 F.2d at 464. In reliance on this principle, courts in this District have stricken class allegations on the ground that the proposed class is unascertainable because it is so broad as to include persons who have not suffered any injury.[9] Here, as discussed above, Plaintiff has alleged an overbroad state-wide class that would encompass hundreds, if not thousands, of class members who have not suffered an injury because they have not even purchased the recalled products at issue here and have no possible connection to the allegations in this action. *See* discussion at Part.III.A.2., *supra*; *see also* Dkt. 40 at 13-14.

Plaintiff relies heavily on the argument that self-identification is an alternative method of ascertaining class members. However, as Defendants maintained in the Motion, self-identification is not a viable method for ascertaining class members here because putative class members are unlikely to have maintained receipts or other records for such small purchases (especially over such long

---

[9] For example, in a case involving vehicles that were allegedly prone to ignite and combust, the court determined a proposed class of all purchasers of that model of car was not ascertainable because many members would not have suffered any injury. *Bishop v. Saab Auto. A.B.*, Case No. CV 95-0721 JGD (JRx), 1996 U.S. Dist. LEXIS 22890, at *12-14 (C.D. Cal. Feb. 16, 1996); *see also Colapinto*, 2011 U.S. Dist. LEXIS 30814, at *11-12 (holding proposed class that included all California residents who paid for defendant's transcription services was unascertainable because it included purchasers who were unharmed).

lengths of time, as Plaintiff does not provide any time limit on the class period), and courts have held that plaintiffs may not establish class membership for small-value, consumable purchases by affidavit. *See* Dkt. 40 at 14-15 (citing, *inter alia*, *In re Clorox Consumer Litig.*, 301 F.R.D. 436, 440 (N.D. Cal. 2014) ("Affidavits from consumers alone are insufficient to identify members of the class.")). This is particularly true where the putative class is so overbroad in temporal and subject matter scope (there is no time limitation and the definition includes large numbers of individuals who have not even purchased a recalled product). *Id.* As Defendants' noted, and Plaintiff does not effectively dispute, without proofs of purchase, putative class members' inability to accurately remember their purchases could result in speculation or " [m]oney [being] given out basically at random to people who may or may not actually be entitled to restitution." *Hernandez v. Chipotle Mexican Grill, Inc.*, No. 12-5543, 2013 WL 6332002, at *2 (C.D. Cal. Dec. 2, 2013).

Plaintiff's reliance on *Morales v. Kraft Foods, Inc.* in support of her position is misplaced. The class definition in that case was much narrower in scope because it included a time limitation ("between May 7, 2010 through the present") and covered only individuals who had purchased the products at issue in plaintiff's claims. *See* No. LA CV14-04387 JAK(PJWx), 2015 WL 10786035, at *1 (C.D. Cal. June 23, 2015). Moreover, even in that case, the court recently granted defendant's motion to decertify the class on the ground of insufficient evidence available to establish a basis for calculating restitution. *Morales v. Kraft Foods Inc.*, No. LA CV14-04387 JAK(PJWx), 2017 WL 2598556, at *26 (C.D. Cal. June 9, 2017). Thus, Plaintiff's attempt to present her proposed class as ascertainable is fruitless and her class allegations should be stricken on this ground as well.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court strike the class allegations throughout the FAC, including at paragraphs 23-30.

DATED: June 27, 2017

BLANK ROME LLP
By: */s/ Jonathan Loeb*
      Jonathan Loeb
      Cheryl S. Chang
      Ghazal Tajmiri
Attorneys for Defendants,
GEL SPICE CO., INC. and BIG LOTS STORES, INC.