| | |
|---|---|
| BLANK ROME LLP<br>Jonathan A. Loeb (SBN 162758)<br>JLoeb@BlankRome.com<br>Cheryl S. Chang (SBN 237098)<br>Chang@BlankRome.com<br>Ghazal Tajmiri (SBN 265723)<br>GTajmiri@BlankRome.com<br>2029 Century Park East, 6th Floor<br>Los Angeles, CA 90067<br>Telephone:  424.239.3400<br>Facsimile:  424.239.3434<br><br>Attorneys for Defendants<br>GEL SPICE CO., INC. and BIG LOTS STORES, INC. | |

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| PAMELA CAUDLE, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>GEL SPICE CO., INC.; BIG LOTS STORES, INC.; and DOES 1 THROUGH 10, inclusive<br><br>                Defendants. | Case No. 4:16-cv-07146-JSW<br>[*Assigned to the Hon. Jeffrey S. White*]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with Reply in Support of Motion to Dismiss; Reply in Support of Motion to Strike*]<br><br>Complaint Filed:     December 14, 2016<br>First Amended Complaint Filed: April 3, 2017<br><br>Date:     July 21, 2017<br>Time:    9:00 a.m.<br>Location:  Courtroom 5, 2nd Floor |

149543.00601/105851764v.1

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AND MOTION TO STRIKE - 4:16-CV-07146-JSW

While Plaintiff's Response to Defendants' Request for Judicial Notice in Support of Motion to Dismiss the FAC and Motion to Strike Portions of the FAC ("RJN") raises objections to judicial notice of Exhibits 3-10, those objections are unavailing as explained below.

Plaintiff does not dispute that Exhibits 1 and 2 of the RJN are proper for judicial notice, in part because they are "matters of public record that are not subject to reasonable dispute." Dkt. 51 at 3. Yet Plaintiff ignores the fact that the same logic applies to Exhibits 3-5, as it is well-established that information issued by government agencies and administrative bodies are public records that may be judicially noticed. *See* RJN at 3 (citing *Cty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on Department of Health and Human Services' website); *Von Koenig v. Snapple Bev. Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010) ("The court can take judicial notice of matters of public record, such as . . . records and reports of administrative bodies."); *In re Wellbutrin Sr/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 755 n.2 (E.D. Pa. 2003) (judicially noticing an FDA report posted on the internet)); *see also Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (court may take judicial notice of records and reports of state administrative bodies), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991); *Paul v. Monterey Peninsula Unified Sch. Dist.*, No. 16-cv-05582-BLF, 2017 WL 2670739, at *4 (N.D. Cal. June 21, 2017) (taking judicial notice of exhibits for purposes of motion to dismiss "because they are records of an administrative agency").

Plaintiff does not dispute or attempt to distinguish any of the cases cited in Defendants' RJN which reflect this well-established rule. *See generally* Dkt. 51. Instead, Plaintiff relies on two inapposite cases (one from the Court of International Trade) as purported support for her position. *Id.* at 4 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) and *Tri Union Frozen Prods., Inc. v. United States*, 161 F. Supp. 3d 1333, 1337 (CIT 2016)). Yet, neither of these two cases abrogates the well-established rule and both of them are easily distinguishable based on the types of documents which were submitted for judicial notice. In *Lee*, the exhibits submitted for judicial notice were "declarations from NYSDCS [New York State Department of Correctional

Services] employees" which contained disputed hearsay statements of the plaintiff in that action, as well as an administrative form signed by the plaintiff and the transcript of a court hearing. 250 F.3d at 689. Even there, *Lee* held that the district court "had authority under Rule 201 to take judicial notice of the *fact* of the extradition hearing, the *fact* that [the administrative form] was signed by [plaintiff], and the *fact* that [plaintiff] purportedly waived his right to challenge his extradition." *Id.* at 689-90 (emphasis in original). In *Tri Union*, the exhibits submitted for judicial notice were "[p]ublic comments submitted by university professors in response to a Department of Commerce request for public comments" and "[a]cademic articles…that explain relevant underlying statistical principles." 161 F. Supp. 3d at 1335. Thus, neither *Lee* nor *Tri Union* prevent the Court from properly taking judicial notice of the federal and state administrative agency reports and statements that are contained in Exhibits 3-5 of the RJN.[1]

Moreover, Plaintiff's objections to the Court taking judicial notice of the substantive contents of Exhibits 3-5 in the RJN based on their alleged dispute regarding "the accuracy of the scientific information presented in those documents" rings hollow. While claiming to dispute the contents of the FDA's report and statement in Exhibits 3 and 4, Plaintiff relies on other statements by the FDA in the FAC. *See* FAC ¶ 1, n. 1 (citing to the FDA's website for recall information). Similarly, while Plaintiff claims to dispute the contents of the OEHHA statement, she cites to another portion of the OEHHA website in the FAC and relies on its statements as true. *See* FAC ¶ 18 (citing to https://oehha.ca.gov/media/downloads/proposition-65//p65single10212016.pdf at p. 12 in support of allegation that "lead is classified as a chemical 'known to the State [of California] to cause cancer or reproductive toxicity,' and is included on California's current Proposition 65 list.").

Plaintiff's purported dispute regarding the contents of these documents is not *reasonable* and thus, the Court should take judicial notice of these exhibits. *See* Fed. R. Evid. 201(b). In *Von*

---

[1] Exhibit 3 is the FDA's Reported Findings of Low Levels of Lead in Some Food Products Commonly Consumed by Children, posted on the FDA's website on November 10, 2010 and updated on November 29, 2011; Exhibit 4 is a Statement on the FDA's Combination Metals Testing, posted on the FDA's website on September 23, 2016; and Exhibit 5 is a Statement on the California Office of Environmental Health Hazard Assessment's (OEHHA) website regarding Prop 65 Guidelines for Lead and Lead Compounds.

1  *Koenig*, plaintiff brought a class action against Snapple for its alleged deceptive and misleading

2  advertising of its "natural products." 713 F. Supp. 2d at 1070. While the meaning of the term

3  "natural" was obviously disputed between the plaintiff and defendant, the court granted (over

4  plaintiff's objections) defendant's request for judicial notice of FDA opinion letters and warning

5  letters regarding use of the term "natural." *Id.* at 1073. In doing so, the court noted that the letters

6  were either "public record," "part of the agency's official records," or "matters of public record

7  available on the FDA website." *Id.* The same rationale applies to Exhibits 3-5 here. Thus, Exhibits

8  3-5 are not subject to reasonable dispute because they are capable of accurate and ready

9  determination by resort to sources whose accuracy cannot reasonably be questioned, and the Court

10 should take judicial notice of them. *See* Fed. R. Evid. 201(b)-(c).

11         Plaintiff's objections to the RJN Exhibits 6-10 are also unavailing. First, contrary to

12 Plaintiff's conclusory and unsupported assertion, the Court need not "assess the accuracy or

13 authenticity of the facts presented in those documents, nor whether the documents were authored by

14 reputable and reliable sources." Dkt. 51 at 4. Defendants do not offer these exhibits for the truth of

15 the matters asserted within them (i.e. that such uses of turmeric are effective), rather, Defendants

16 offer them to show that such information regarding non-ingestion uses for turmeric generally exist

17 within the public realm. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954,

18 960 (9th Cir. 2010) (noting "[c]ourts may take judicial notice of publications introduced to 'indicate

19 what was in the public realm at the time, not whether the contents of those articles were in fact

20 true'"); *see also In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 (RRM) (RLM),

21 2013 WL 4647512, at *4 (E.D.N.Y. Aug. 29, 2013) (noting "[w]hether to take judicial notice is an

22 inquiry separate and distinct from what inferences or conclusions to draw from the noticed

23 material").

24         Second, Exhibits 6-10 are relevant as their existence tends to support Defendants' argument

25 that individualized issues of damages will predominate in Plaintiff's proposed class because there

26 are several non-ingestion uses for turmeric (whether effective or not), none of which is affected by

27 Defendants' purported misrepresentations and/or omissions. *See, e.g.*, Dkt. 40 at 10-13. As

28

1 Defendants note in their Motion to Strike Plaintiff's class allegations, Plaintiff does not, and cannot,
2 allege a common proof of damages in part because individual considerations of each putative class
3 member would have to be taken into account, including the use for which they purchased the product
4 and how much they valued their specific use compared to other factors, including the potential for
5 lead-contamination at a level that may be unsafe for *ingestion*. *See id.*
6       Third, Defendants have sufficiently authenticated Exhibits 6-10 for the purpose for which
7 they offer it, which is not to establish the truth of the matters asserted within them (i.e. that such uses
8 of turmeric are effective), rather, just to show that such information regarding non-ingestion uses for
9 turmeric generally exist within the public realm. Neither of the two cases Plaintiff cites in support of
10 its authentication objection apply here given the limited and narrow purpose for which Defendants
11 offer these documents. Indeed, the court in *Wady v. Provident Life & Acc. Ins. Co. of Am.* expressly
12 found that the web documents offered in support of a motion for summary judgment could not be
13 authenticated "as statements of [the party from whose website the documents were obtained]." 216
14 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002). Unlike in *Wady*, Defendants do not seek to attribute the
15 information in Exhibits 6-10 to any specific individual or organization. Rather, they only offer these
16 exhibits as examples of information publicly available about non-ingestion uses of turmeric. For this
17 limited purpose, Defendants have properly authenticated Exhibits 6-10 through the declaration of a
18 person with knowledge of the public availability of each of those exhibits on the internet. *See* Fed.
19 R. Evid. 901(b)(1).
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

Accordingly, for the reasons stated above and in Defendants' RJN, Defendants have met the requirements of Rule 201 and the Court should take judicial notice of Exhibits 1-10 of the RJN. *See* Fed. R. Evid. 201(b)-(c); *see also* Dkt. 41.

DATED: June 27, 2017  BLANK ROME LLP

By: */s/ Jonathan Loeb*
Jonathan Loeb
Cheryl S. Chang
Ghazal Tajmiri
Attorneys for Defendants,
GEL SPICE CO., INC., and BIG LOTS STORES, INC.